MR. AND MRS. LEO RAMBUR, MR. AND MRS. ALBERT AVERY, AND JOE SHERICK, PLAINTIFFS AND APPELLANTS, v. DIEHL LUMBER COMPANY, INC., DEFENDANT AND APPELLEE.

No. 10701

Submitted March 2, 1964. Decided April 7, 1964.

391 P.2d 1.

Goldman & Jordan, Missoula, Lee Jordan, (argued), for appellants.

Garlington, Lohn & Robinson, Missoula, Sherman V. Lohn, (argued), for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is a purported appeal from the district court of Sanders County, Montana.

The certified transcript on appeal in this cause shows that the district court made an order on October 2 and filed on October 3, 1963, sustaining defendant's consolidated motions to dismiss and ordering the action dismissed with prejudice.

On October 21, 1963, plaintiffs gave notice of appeal "from the Judgment filed and entered in the above-entitled cause on or about the 2nd day of October, 1963, in the District Court of

the Fourth Judicial District of the State of Montana, in and for the County of Sanders, said Judgment being in favor of the defendant in said action and against the plaintiffs, and from the whole thereof."

There is no judgment in the record before us, only the order sustaining the motions to dismiss.

A similar situation was before this court in Payne v. Mountain States Tel. & Tel. Co., 142 Mont. 406, 385 P.2d 100, and we there held:

"* * * A motion to dismiss in a district court under Rule 12, M.R.Civ.P., is equivalent under our present procedure to a demurrer under our former procedure, the use of demurrers having been abolished by Rule 7, M.R.Civ.P.

"This court has consistently held that an order sustaining a demurrer to the complaint was not an appealable order. See Pentz v. Corscadden, 49 Mont. 581, 144 P. 157; Heater v. Boston & Montana Corp., 84 Mont. 500, 277 P. 11."

The appellate jurisdiction of this court is established by our Constitution, Art. VIII, §§ 2, 3 and 15, which provide that it shall be exercised under such regulations and limitations as may be prescribed by law. As we have many times observed in previous decisions, the Legislature has enacted statutes providing how appeals may be taken and substantial compliance with these provisions is necessary to give this court the right to exercise the jurisdiction granted. R.C.M.1947, § 93-8003, specifies the orders from which an appeal may be taken and an order sustaining a motion to dismiss is not one of them.

Such being the situation this appeal is not well-taken and must be dismissed. It is so ordered.

MR. JUSTICES CASTLES, JOHN C. HARRISON, ADAIR and DOYLE concur.