No. 12958

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

———————————

W. EARL HASBROUCK, d/b/a GREAT FALLS
TERMINAL WAREHOUSE COMPANY,

                    Plaintiff,

    -vs-

JOHN C. KRSUL, SHERIFF,

                    Defendant and Third Party Plaintiff,

    -vs-        and Appellant

DORLA WILSON,

                    Third Party Defendant,

    and

E. F. GIANOTTI,

                    Additional third Party Defendant, and
                    Respondent.

———————————

Appeal from:  District Court of the Eighth Judicial District,
            Honorable R. J. Nelson, Judge presiding.

Counsel of Record:

    For Appellant:  Graybill, Ostrém, Warner and Crotty,
                  Great Falls, Montana
                  Donald Ostrem argued, Great Falls, Montana

    For Respondent:  Smith, Emmons and Baillie, Great Falls,
                  Montana
                  William L. Baillie argued, Great Falls,
                  Montana

———————————

                    Submitted:  September 24, 1975

                    Decided:  NOV -4 1975

Filed: NOV -4 1975

*Thomas J. Kearney*
                  Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from an order dismissing a third party complaint for failure to state a claim upon which relief may be granted. M.R.Civ.P., Rule 12(b)(6). The order was made in an action brought to recover certain storage fees in the district court, Cascade County, Judge R. J. Nelson presiding.

Appellant, third party plaintiff, Sheriff John C. Krsul was defendant in an action brought by one Hasbrouck for the storage of goods in the amount of $775.50. Appellant Sheriff had levied on the goods pursuant to a writ of execution issuing upon a civil judgment obtained by respondent's client, Dorla Wilson. Mrs. Wilson, who is admittedly judgment proof, was made a third party defendant in this action by appellant. Subsequently a motion for summary judgment was granted Hasbrouck against appellant Krsul for $775.50. The appellant next joined respondent attorney E. F. Gianotti as another third party defendant. Respondent then moved to dismiss the third party complaint for failure to state a claim. The district court granted the motion to dismiss from which appellant has appealed.

Initially we consider whether such motion to dismiss is appealable. While this issue was not briefed nor argued by counsel, past decisions of this Court can be found both denying and allowing appeals from the granting of motions dismissing complaints for failure to state a claim. Payne v. Mountain States Tel. & Tel., 142 Mont. 406, 385 P.2d 100; Rambur v. Diehl Lumber Co., 143 Mont. 432, 391 P.2d 1; Prentice Lumber Co. v. Hukill, 161 Mont. 8, 504 P.2d 277. We think the view expressed in Prentice Lumber Co. to be applicable here, because the practical effect of the district court's order is to leave appellant without opportunity for further judicial relief, just as if judgment had been rendered against him. Therefore, the order of Judge Nelson is properly before this Court on appeal.

In judging the correctness of that order we apply the strict standard for Federal Rule 12, after which Montana's Rule 12, M.R.Civ.P., was patterned. In Conley v. Gibson, 355 U.S. 41, 45,46, 78 S.Ct. 99, 2 L ed 2d 80,84, it is said:

> "* * * a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

See also discussion of Rule 12(b)(6), M.R.Civ.P., in Duffy v. Butte Teachers' Union, No. 332, et al., our cause No. 13938, handed down October 31, 1975, _____Mont._____, _____P.2d _____, 32 St.Rep. 1078.

Appellant argues that a specific Montana statute section 2-212(1), R.C.M. 1947, authorizes a claim against an agent of a disclosed principal in certain limited circumstances. We agree. Specifically, section 2-212(1) provides:

> "One who assumes to act as an agent is responsible to third persons as a principal for his acts in the course of his agency, in any of the following cases, and in no other:
>
> "1. When, with his consent, credit is given to him personally in a transaction".
> (Emphasis added.)

In the face of this specific statute, the amended complaint of Sheriff Krsul, as third party plaintiff, against attorney Gianotti, as third party defendant, makes it clear that the Sheriff knew that attorney Gianotti was an agent and that credit was not extended to him personally. That complaint, in each instance, recites both the principal and her attorney, but nowhere alleges that personal credit was given independent of the principal. Under these circumstances the statute controls and the trial court was correct in dismissing the complaint for failure to state a claim.

We affirm the order of dismissal.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 4 -