No. 80-414

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

_____

ROBERT V. WHITE and KAREN WHITE,

Plaintiffs and Respondents,

vs.

FRANK LOBDELL and KATHRYN LOBDELL and
PONDEROSA REAL ESTATE,

Defendants and Respondents,

and

FIDELITY REAL ESTATE,

Defendant and Appellant.

_____

Appeal from:  District Court of the Fourth Judicial District,
              In and for the County of Missoula
              Honorable Jack L. Green, Judge presiding

Counsel of Record:

    For Appellant:

        Milodragovich, Dale and Dye, Missoula, Montana
        Michael J. Milodragovich argued, Missoula, Montana

    For Respondents:

        William R. Baldassin argued, (Lobdell), Missoula, Montana
        Datsopoulos, MacDonald & Lind, Missoula, Montana
        Christopher Swartley argued (White) Missoula, Montana

_____

                        Submitted:  September 23, 1981

                          Decided:  JAN 5 - 1982

Filed:  JAN 5 - 1982

_____
                Thomas J. Kearney
                                    Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Fidelity Real Estate appeals from a judgment against it in the District Court, Fourth Judicial District, Missoula County, in favor of Roger V. White and Karen White, in the sum of $10,255.00 and costs.

We affirm the judgment in favor of Frank and Kathryn Lobdell and reverse the remainder of the judgment and remand the case for a new trial.

On December 19, 1978, Frank G. Lobdell entered into an exclusive listing agreement with Ponderosa Realty, a Missoula realtor, to sell his residence located on Lot 13A, Block 3, Hillside Homes Addition No. 1, Missoula County, Montana. In the listing agreement, the irregular four-sided lot was shown as having dimensions of 214.5 feet, 190.2 feet, 92.4 feet and 130 feet.

At the time, Ponderosa Realty was a participant in the Missoula Multiple Listing Service. That service sent out to the participating Missoula realtor offices a multiple listing document which showed Ponderosa Realty as the listing office, and repeated in a diagram the above dimensions for the Lobdell lot shown on the original Ponderosa listing. Fidelity Real Estate, also a Missoula realtor, received a copy of the multiple listing as a participant in the Missoula Multiple Listing Service.

Robert White, a civil engineer with the United States Forest Service, came to Missoula on January 26, 1979, to look for a home. He and his wife Karen White were shown the Lobdell residence by Valerie Ann Demos of Fidelity Real Estate. The Whites personally examined the real property involved, and on January 29, entered into a buy-sell agreement

through Fidelity Real Estate. They subsequently obtained a
warranty deed from the Lobdells on March 13, 1979, conveying
the property described as Lot 13A, Block 3, Hillside Homes
No. 1, Missoula County, Montana.

After the transaction was completed, the Whites learned
through a Veterans Administration survey encroachment document
that the actual dimensions of the lot which they had purchased
were 170.52 feet by 122.73 feet by 84.95 feet by 80 feet.
The latter dimensions contained 11,349 square feet whereas
the dimensions shown in the listing agreement diagram
contained 19,107 square feet.

The Whites filed suit in Missoula County District Court
against Frank Lobdell and Kathryn Lobdell as sellers of the
real property, Robert Payne and James Payne, d/b/a Ponderosa
Realty, and Fidelity Real Estate. The complaint charges the
defendants with negligence, actual fraud and constructive
fraud in connection with the sale of the house.

The Lobdells, Robert and James Payne, and Ponderosa
Realty filed an answer and cross-complaint, denying any
liability to the Whites and cross-claiming against Fidelity Real
Estate on the ground that Fidelity Real Estate was acting as
agent of the Whites and failed in its duties as their agent
in closing the real estate transaction.

Fidelity Real Estate answered the Whites' complaint by
general denial, answered the cross-claim by general denial
and alleged that the damages of the Whites were the direct
and proximate result of the errors and omissions of the
Lobdells and Ponderosa Realty.

A pretrial order was entered by the District Court on
June 25, 1980. It lists the contentions of the Whites
against the various defendants. The only defendants' contentions

-3-

listed are those of Fidelity Real Estate to the effect that the Whites may not recover because of comparative negligence and that any damages that the Whites may have suffered are the result of the acts of the other defendants.

On the morning that the case came on for jury trial, it was disclosed to the District Court that although defendants Robert Payne and James Payne had been sued "d/b/a Ponderosa Realty," it was nevertheless true that Ponderosa Realty was a corporate entity. No issue had been raised by any party prior thereto, by pleading or otherwise, that Robert Payne and James Payne were not proper parties doing business as Ponderosa Realty. The colloquy between Court and counsel in connection with that development follows:

"THE COURT: Do the Defendants Lobdells and Payne have any objection?

"MR. MILODRAGOVICH: None, Your Honor. One question I have for purposes of clarity of the record, when the caption was originally established on this the Defendants were Robert and Jim Payne; I think since then it's been stipulated that Ponderosa Real Estate, which was the organization that they were working for, was the actual party in interest and that Paynes were taken out of it. I don't know what the status of that is as far as at the present time. I know we show it as Ponderosa Realty in the pretrial order.

"MR. SWARTLEY: For the record, Your Honor, the complaint was originally drawn reflecting Ponderosa Realty as a partnership or sole proprietorship; we later learned it was a corporation, and I believe still has corporate existence.

"MR. BALDASSIN: That is correct.

"MR. SWARTLEY: And if that is the case, then the individual Defendants Robert and James Payne were -- as I am sure that the evidence will develop, were acting merely as either officers, agents, or employees of the corporation, and we would be willing to stipulate to that fact.

"THE COURT: Robert Payne and James Payne will be stricken as parties Defendant. It will be Frank Lobdell and Kathryn Lobdell, Ponderosa Realty Company and Fidelity Real Estate?

"MR. SWARTLEY: Correct.

-4-

Based on the special verdict, the District Court entered judgment against Fidelity Real Estate. This defendant moved for a new trial and for remittitur of the damage award on the ground that it was not supported on the evidence. The court denied the motion for a new trial or remittitur and the appeal here ensued.

Fidelity Real Estate raises these issues:

1. The District Court erred in dismissing Ponderosa Realty on the basis of State ex rel. City of Havre v. District Court, which either does not apply to this case or should be overruled by this Court.

2. It was error to find that Fidelity was an agent of the Whites.

3. Fidelity acted as a subagent of Ponderosa Realty and therefore Ponderosa Realty is liable for the conduct of Fidelity.

4. Liability for a defective legal description in multiple listing should be placed on the listing realtor and not upon the subagent, the selling realtor.

5. The damage award is unsupported by the evidence.

The most important issue on appeal is the propriety of the dismissal of Ponderosa Realty as a party defendant.

As we have noted, the Whites named in their complaint the defendants, "Robert Payne and James Payne d/b/a Ponderosa Realty." There is nothing alleged in the complaint other than in the caption of the cause to show the type of legal entity that Ponderosa Realty is or was. From the caption, however, it might be assumed that Ponderosa Realty was a partnership or joint venture.

When the remaining parties filed answers, they adopted the caption of the complaint naming the Paynes under the style of "d/b/a Ponderosa Realty." As such, they, including

"THE COURT: Very well."

Following the noon recess, when counsel were in the District Court's chambers, the attorney for Ponderosa Realty brought the subject up again:

"MR. BALDASSIN: I have two requests. First one is, at an earlier conference in chambers the Defendants, Robert Payne and James Payne, were dismissed as parties Defendant; in discussing the matter with them, they were a little unsure as to the legal implications of that, so I have asked counsel whether we could go on the record and formally stipulate that the Defendants, Robert Payne and James Payne, are hereafter dismissed or hereby dismissed with prejudice.

"MR. MILODRAGOVICH: We have no objection.

"MR. SWARTLEY: I will stipulate to that.

"THE COURT: Very well, the names of Robert and James Payne will be dismissed with prejudice."

At the close of the plaintiffs' case in the jury trial, counsel for Ponderosa Realty moved, and the District Court ordered, that Ponderosa Realty be dismissed as a party defendant on the basis of this Court's ruling in State ex rel. City of Havre v. District Court (1980), ___ Mont. ___, 609 P.2d 275, 37 St.Rep. 552.

The cause was thereafter submitted to the jury as between Roger and Karen White, as plaintiffs, and Frank Lobdell, Kathryn Lobdell and Fidelity Real Estate as defendants.

The jury returned a special verdict in which it was determined that the Lobdells were not guilty of any fraud or negligence in connection with the sale to the Whites. The jury found that Fidelity Real Estate was guilty of fraud and negligence, and found Robert and Karen White's damages in the sum of $10,255.00. In attributing negligence, they found Fidelity Real Estate 40 percent negligent, and "other parties" 60 percent negligent. They also found that Fidelity Real Estate was the agent of the Whites.

-5-

action might be subject to a motion for misjoinder, but Rule 21, M.R.Civ.P. provides that a misjoinder of the parties is not a ground for dismissal and that parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. The court in this case simply added a party, the corporation, and dropped a party, the alleged copartnership. In addition, under the state of the record here, at the time of the purported dismissal with prejudice by the District Court, the Paynes had earlier been eliminated from the cause as party defendants by an order of the court. Therefore, those parties were not before the court for a dismissal with prejudice.

In view of the state of the record, and the circumstances under which Ponderosa Realty was substituted as a defendant corporate entity in this cause, it is not necessary for us to review our decision in City of Havre, supra. The case is not applicable here.

The order of the District Court dismissing Ponderosa Realty as a corporate entity must therefore be vacated, and the cause sent back for retrial between the Whites as plaintiffs and Fidelity Real Estate and Ponderosa Realty as defendants. As to the Lobdell defendants, a jury has already determined that they were not negligent or fraudulent in connection with the sale of the property to the Whites. Moreover, neither by appeal nor by cross-appeal does any party raise any issue as to the propriety of the judgment in favor of the Lobdell defendants.

Since this cause must be retried, we discuss the remaining issues raised by the appellant only for the guidance of the District Court.

Ponderosa Realty, cross-claimed against Fidelity Real Estate for any liability that might be found against them in the suit. In none of the responsive pleadings did the other defendants, including Ponderosa Realty, raise the status of Ponderosa Realty as a legal entity, either through answer or by special defense. The pretrial order of the District Court continued the caption adopted from the original complaint, showing Ponderosa Realty as the "d/b/a" defendant. In the defendants' contentions in the pretrial order, there is nothing as to the status of Ponderosa Realty.

In State ex rel. City of Havre v. District Court (1980), ___ Mont. ___, 609 P.2d 275, 37 St.Rep. 552, this Court sustained an order of the District Court granting summary judgment in favor of the City of Havre and Hill County upon the ground that since the plaintiff had earlier dismissed with prejudice his claim against an agent or employee of the city and county, the summary judgment was proper because the liability of the city and county could only be vicarious or derivative. It was on the authority of that holding that the District Court in the case at bar decided that the dismissal with prejudice of James Payne and Robert Payne, in effect, was a dismissal of Ponderosa Realty, since the corporation could only be liable through the actions of its employees or agents.

We determine, however, that the City of Havre rationale was improperly applied in this case. What occurred here was not a substantive dismissal with prejudice of an agent or employee, but rather the substitution of a proper party before the court. The District Court simply struck the entity of a copartnership and inserted the entity of a corporation. If the corporation had not been added, the

-7-

service. Under the instruments that are in evidence in this case, each of the realtor agencies were acting as agents for the sellers, independent of one another, except for the duty of dividing the commission if the property was sold by a realtor other than the original listing agency.

Since the cause will be retried, there is no necessity to discuss the other issues raised by the appellant.

Accordingly this cause is affirmed as to the judgment in favor of Frank Lobdell and Kathryn Lobdell; it is reversed and remanded for a new trial as to the defendants Fidelity Real Estate and Ponderosa Realty; and the order of the District Court dismissing Ponderosa Realty with prejudice is vacated. Costs of appeal shall be borne by Ponderosa Realty.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

-10-

We have no issue before us as to Fidelity's right of indemnity against Ponderosa Realty since such issue was not raised in the case below, but only upon appeal. Chadwick v. Giberson (1980), ___ Mont. ___, 618 P.2d 1213, 1215, 37 St.Rep. 1723, 1726. After remittitur, Fidelity may move to amend its pleadings with respect to indemnity against Ponderosa Realty, but that is a motion which will be addressed to the sound discretion of the District Court. Rule 15(b), M.R.Civ.P.; Reilly v. Maw (1965), 146 Mont. 145, 156, 405 P.2d 440, 447.

There should be no issue submitted to the jury as to whether one of the realtor agencies is an agent or subagent of the other. Under the listing agreement signed by Frank G. Lobdell, Ponderosa Realty was given an exclusive listing to sell the property, and in it Lobdell agreed that in the event that "[Ponderosa Realty] or any broker cooperating with [Ponderosa Realty] shall find a buyer . . . I hereby agree to pay you in cash for your services and commission equal in amount to 6% of said selling price." The listing agreement further authorized Ponderosa Realty to list the property with any multiple listing service at Ponderosa's expense and to accept the assistance and cooperation of other brokers.

When the Whites signed the earnest money receipt and agreement to purchase, on January 29, 1979, they agreed in writing to purchase the property at the price stated and gave Fidelity Real Estate one day to secure the sellers' acceptance. The sellers accepted, and agreed to pay a commission to Fidelity of $4,085.00 for services rendered. The division of the realtor's fee was simply a matter of agreement between realtors utilizing the multiple listing

Mr. Justice Frank B. Morrison, Jr., dissenting:

I respectfully dissent from the majority opinion.

Plaintiffs went to trial against Frank Lobdell, Kathryn Lobdell, Robert Payne, James Payne, Ponderosa Realty and Fidelity Real Estate. Ponderosa Realty was originally sued as a partnership as indicated by the colloquy set forth in the majority opinion. That business was subsequently discovered to be a corporate entity. During trial, Robert Payne and James Payne were dismissed with prejudice. The trial court thereafter dismissed their employer, Ponderosa Realty, on the basis that the liability of Ponderosa Realty was derivative; that a dismissal with prejudice in favor of Robert Payne and James Payne adjudicated liability in their favor and thereby adjudicated the liability of their employer, Ponderosa Realty. The trial court's decision was based upon State ex rel. City of Havre v. District Court (1980), ____ Mont. ____, 609 P.2d 275, 37 St.Rep. 552.

The majority opinion attempts to distinguish this case from State ex rel. City of Havre on the basis that in the case at bar, there actually was a substitution of parties rather than the dismissal of one defendant. The distinction is without a difference. This case is controlled by State ex rel. City of Havre wherein this Court said:

> "Therefore, a stipulation of dismissal with prejudice of a defendant is tantamount to a judgment on the merits; and accordingly, such a dismissal with prejudice is res judicata as to every issue reasonably raised by the pleadings. Under the doctrine of respondeat superior, an employer defendant's liability is vicarious or derivative and does not arise until an employee acts negligently within the scope of his employment. A dismissal of a claim with prejudice of an employee is equivalent to a finding that the employee was not negligent. Under the doctrine of respondeat superior, such a dismissal of an employee operates to exonerate the employer. This Court will look at the dismissal with prejudice on its face, and will not look behind the words 'with prejudice.'" (Emphasis added.)

This case cannot be reconciled with the holding set forth above. The trial bar is, as the result of this decision, being left with no guidelines for future action. In State ex rel. City of Havre, where the dismissed party was a government employee and thereby immune from execution under the tort claims law, the court fashioned a inflexible rule to defeat the plaintiff's claim. The court emphasized it would not look behind the words "with prejudice" to determine what facts gave rise to the dismissal. Had the court looked to those facts, it would have found: (1) the employee who was dismissed should not have been joined in the first place because he was immune from execution under the tort claims law, (2) no money was paid for the dismissal of the employee, and (3) it was the intent of all parties to the stipulation of dismissal with prejudice that the employee not be put through the expense and trauma of a trial when no recovery could be had against the employee.

State ex rel. City of Havre, supra, has not been overruled and controls the outcome here. The District Court had no alternative but to dismiss Ponderosa Realty as a party defendant.

If this Court had overruled State ex rel. City of Havre, supra, thereby authorizing the continuation of a claim against Ponderosa Realty, the verdict in favor of this plaintiff could not be disturbed under the law. Only the plaintiff has any standing to claim prejudice from the dismissal of Ponderosa Realty. The theory by which Fidelity claims prejudice from such dismissal is that Fidelity thereby becomes responsible to pay the entire judgment. Of course, under well established legal principles, this does not provide a basis for Fidelity to raise the dismissal as

error.

Plaintiffs brought this action against these two real estate firms alleging them to be joint tort feasors. The pre-trial order states that the listing agent, Ponderosa Realty, was guilty of negligence in failing to investigate and determine that the lot size was not as represented. Likewise, plaintiffs contended that defendant Fidelity Real Estate was negligent in failing to make such an investigation prior to the time it sold the property. The liability of Ponderosa Realty does not depend upon the liability of Fidelity Real Estate, nor is the opposite true. The two defendants were being pursued as joint tort feasors. Their liability is joint and several. The plaintiffs could recover against either or both. Once the plaintiffs collected the judgment they would be able to satisfy that judgment against one or all of the defendants.

In this case, plaintiffs were free to sue either Fidelity Real Estate or Ponderosa Realty or both. Plaintiffs were free to collect the judgment against either or both and satisfy that judgment against either or both. This is the very essence of joint and several liability.

In returning the verdict in this case, the jury, in special interrogatories, found that Fidelity Real Estate was guilty of both negligence and fraud. The jury exonerated the owners of the lot, Frank and Kathryn Lobdell.

The effect of this Court's decision is to say that Fidelity Real Estate, found by the jury to be guilty of negligence and constructive fraud is entitled to contribution from Ponderosa Realty, the absent defendant. The essence of the Court's holding is that Fidelity Real Estate should not have to bear the entire burden of this judgment, but should

have the opportunity to have another defendant share in the load.

The holding of this Court violates its previous decision in Consolidated Freightways v. Osier (1979), ____ Mont. ____, ____ P.2d ____, 36 St.Rep. 1810. In a case certified from Federal District Court, this Court held that, where the plaintiff elected to sue but one defendant, that defendant could not implead another potentially negligent defendant for purpose of seeking contribution in the plaintiff's case. Now this Court sees fit to vacate plaintiffs' judgment against one defendant on the basis that the defendant against whom judgment was rendered, is entitled to have another potentially liable defendant made a party to the action.

The result is to force the plaintiffs to try their case again although no trial error inured to plaintiffs' benefit. Surely this must be a first in the annals of American Jurisprudence.

I would affirm.

Justice

-14-