No. 82-276

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

_____

BERTA V. BENDERS, LINDA BENDERS,
and JOHN BENDERS,

                           Plaintiffs and Appellants,

      vs.

WILLIAM G. STRATTON, JOYCE M. STRATTON,
and DOES I through X, inclusive,

                           Defendants and Respondents.

_____

Appeal from: District Court of the Thirteenth Judicial District,
            In and for the County of Carbon
            Honorable Charles Luedke, Judge presiding.

Counsel of Record:

    For Appellants:

        Barry David Ziskind, Billings, Montana

    For Respondents:

        Kinnard & Woodward, Billings, Montana

_____

                Submitted on briefs: September 30, 1982

                       Decided: December 29, 1982

Filed: DEC 29 1982

_____
                             Clerk

Mr. Justice Gene B. Daly delivering the Opinion of the Court.

Plaintiffs, John and Linda Benders, appeal from an order issued by the District Court of the Thirteenth Judicial District, Carbon County, dismissing their claims against the defendants.

On October 24, 1979, Berta Benders, the mother of John Benders and mother-in-law of Linda Benders, entered into a contract for deed with the Strattons, the defendants, to buy certain real property located in Carbon County, Montana. According to the briefs filed in the District Court, John Benders helped his mother in the contract negotiations.

On April 6, 1982, John Benders individually and as an agent for his mother, and Linda Benders filed a complaint against the Strattons alleging, among other things, breach of contract, misrepresentation, and trespass.

The Strattons moved to dismiss the action for failure to state a claim upon which relief can be granted. Rule 12(b)(6) M.R.Civ.P. The Strattons based their motion on the grounds that neither John nor Linda Benders had any legal interest in either the contract or the land.

The Benders filed an amended complaint adding Berta Benders as a party plaintiff, and alleging that Berta Benders had granted to John and Linda Benders an undivided partial interest in the real property.

The Strattons renewed their motion to dismiss the claims of John and Linda Benders. The District Court granted the motion. Berta Benders remains the sole party plaintiff, pursuing the same claims originally alleged by her son and daughter-in-law.

Appellants claim that their dismissal is presently appealable because it is based on a 12(b)(6) motion. We do not agree. Because appellants failed to obtain an entry of final judgment as provided in rule 54(b), M.R.Civ.P., their appeal must be dismissed.

Appellants cite Tobacco River Lumber Co., Inc. v. Yoppe

(1978), 176 Mont. 267, 577 P.2d 855, and Prentice Lumber Company, Inc. v. Hukill (1972), 161 Mont. 8, 504 P.2d 277, to support their argument that 12(b)(6) motions are appealable. In Prentice Lumber we held that an order dismissing a complaint was appealable because the order had the effect of denying a party relief "just as completely as if judgment had been entered against it." 504 P.2d at 279.

Prentice Lumber involved the dismissal of claims by the sole plaintiff. We have, however, applied the Prentice Lumber rationale to cases involving multiple claims or multiple parties. See Tobacco River Lumber, supra; and Hasbrouck v. Krsul (1975), 168 Mont. 270, 541 P.2d 1197. We did not address the question of certification under rule 54(b) in either Tobacco River Lumber or Hasbrouck. We merely stated that a dismissal of either a claim or a party under a rule 12(b)(6) motion was appealable because the practical effect of the dismissal was to leave the appellant without further judicial relief. See Hasbrouck where we allowed the appeal of the dismissal of a third-party plaintiff.

Here, the rationale underlying Prentice Lumber, Tobacco River Lumber, and Hasbrouck is not applicable. Although appellants, John and Linda Benders, are prevented from presently seeking relief, the same relief is still being pursued by Berta Benders. Relief from the alleged wrongs of breach of contract and trespass has not been blocked by the dismissal. The order dismissing the claims of John and Linda Benders must therefore be considered interlocutory, and not final.

Under rule 54(b), M.R.Civ.P., interlocutory judgments involving multiple claims or parties must be certified as final judgments in order to be appealable. Roy v. Neibauer (1980), _____ Mont. ____ , 610 P.2d 1185, 37 St.Rep. 897; Krusemark v. Hansen (1979), 182 Mont. 291, 597 P.2d 48.

The order dismissing the claims of John and Linda Benders was never certified as a final judgment under rule 54(b). The appeal

- 3 -

is therefore dismissed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices