No. 82-233

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

_____

GRANITE DITCH CO., et al.,

       Plaintiffs,

  -vs-

WILLIAM ANDERSON, et al.,

       Defendants.

-------------------------------------------------

CHARLES DESCHEEMAEKER, GEORGE W.
GAUGER and WILL G. METZ, JR.,

       Petitioners and Respondents,

  -vs-

LARRY PIHLAJA,

       Respondent and Appellant.

_____

Appeal from:  District Court of the Thirteenth Judicial District,
In and for the County of Carbon, The Honorable
Charles Luedke, Judge presiding.

Counsel of Record:

    For Appellant:

        Anderson, Brown, Gerbase, Cebull & Jones; Andrew J.
Lensink, Billings, Montana

    For Respondents:

        Ayers & Alterowitz; Arthur W. Ayers, Jr., Red Lodge,
Montana

    For Amicus Curiae:

        Donald D. MacIntyre, Dept. of Natural Resources,
Helena, Montana

_____

Submitted:    January 14, 1983

Decided:    May 5, 1983

Filed:  MAY 5 - 1983

*Ethel M. Harrison*
_____
             Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

This action was instituted in the District Court of the Thirteenth Judicial District of the State of Montana, County of Carbon, requesting the District Court to amend a water rights decree entered in 1970 and to declare petitioners' water rights senior to those of respondent, here the appellant. On December 16, 1981, the District Court entered its order "clarifying" the decree entered in 1970. The effect of the court's order was to find the waters of Clear Creek to be part of the Rock Creek system, declare the rights of petitioners in Rock Creek water to be senior to the rights of appellant, and require appellant to allow Clear Creek water to flow into Rock Creek so that petitioners' rights could be satisfied before appellant's rights were exercised. Appellant appeals from that order. We affirm.

The appellant is owner of water rights in Clear Creek, the earliest right dating to 1910. Petitioners have water rights in Rock Creek, dating to 1896 which were decreed in Granite Ditch Co., et al., v. William Anderson, et al., Cause No. 275 (Thirteenth Judicial District Court, Carbon County, August 21, 1903.) Clear Creek is a tributary of Rock Creek.

Appellant had obtained a court order issued February 17, 1970, without notice, directing the Rock Creek water commissioner to "carry out" the Clear Creek water rights of appellant "in accordance with the filing thereof, contingent on water being available for said filings and subject to hearing objections of any party contending to be injured thereby." The involvement of the water commissioner of Rock Creek stemmed from the fact that the Clear Creek water rights were diverted at or near the mouth or outlet of Clear Creek into Rock Creek, and then carried in the natural course of

Rock Creek for approximately one and a half miles to the headgate of the High Line Ditch Company, where the water was again diverted and carried in the High Line Ditch Company ditch to the land of appellant for irrigation usage.

As a consequence of the court permission granted February 17, 1970, the water commissioner has honored in full the requests of appellant for water without regard to any priority in the relationship of Clear Creek water rights to Rock Creek water rights. The result is that in times of water shortage senior Rock Creek decreed water rights are cut off, while appellant continues to receive water under his junior Clear Creek appropriated water rights. This circumstance became known to Rock Creek water users in 1977 for the first time, and three of them filed the petition which is the basis for the instant action seeking to have the 1970 court order rescinded and, in effect, direct the water commissioner to subject the Clear Creek water rights of appellant to the priorities of Rock Creek water rights.

The following issues are presented for review:

1. Whether the appeal should be dismissed because notice of appeal was not timely filed?

2. Whether the District Court had jurisdiction under sections 3-7-213, 3-7-501, MCA, to hear the petition regarding the administration of water right priorities on Clear Creek and Rock Creek?

3. Whether the failure to join other owners of water rights on Clear Creek requires remand of this cause for joinder, or alternately dismissal under Rule 19, M.R.Civ.P.?

4. Whether the District Court's order is contrary to Montana law?

5. Whether the District Court's order violates due process rights of appellant and other Clear Creek water right owners?

6. Whether the District Court's order denies appellant equal protection of the laws?

We hereafter treat issues one and two separately and consolidate issues three through six.

ISSUE 1 -- WHETHER THE APPEAL SHOULD BE DISMISSED BECAUSE NOTICE OF APPEAL WAS NOT TIMELY FILED?

Respondents contend that appellant's notice of appeal, filed April 1, 1982, was not timely and therefore this appeal should be dismissed. The premise underlying respondents' position is that the order entered by the District Court on December 17, 1981, constituted a final order, from which date timeliness of appeal under Rule 5, M.R.App.Civ.P., must be determined. Respondents further maintain that appellant's "Motion for Clarification", filed January 19, 1982, does not suspend the running of time for filing notice of appeal because Rule 5, M.R.App.Civ.P., specifically limits suspension to motions timely filed pursuant to Rules 50(b) [motion for judgment notwithstanding verdict], 52(b) [motion for amendment of or addition to findings of fact], or 59 [motion for new trial], M.R.Civ.P.

Respondents' argument is not well taken. Absent an express determination that there is no just reason for delay and certification as final judgment, an order adjudicating the rights and liabilities of less than all parties is not appealable. Rule 54(b), M.R.Civ.P.; Benders v. Stratton (1982) ____ Mont. ____, 655 P.2d 989, 39 St.Rep. 2389. The December 17, 1981 order which determined only the rights of the appellant vis-a-vis those of respondents was not certified by the District Court as a final judgment.

4

Therefore, this cause was not ripe for appeal until March 4, 1982 when the interests of _all_ parties, including an intervenor, were finally determined.

Furthermore, under Rule 5, M.R.App.Civ.P., the thirty day period for filing of notice of appeal does not commence to run until the clerk of court properly serves notice of entry of judgment as required by Rule 77(d), M.R.Civ.P. Pierce Packing Co. v. District Court of the Thirteenth Judicial District (1978), 177 Mont. 50, 579 P.2d 760. Because here the clerk of the District Court did not serve notice of entry of judgment upon the parties, respondents beg the question by asserting that the thirty day period provided under Rule 5, M.R.App.Civ.P., has expired, when it has not yet commenced. Cf. Rex v. Rex (1982), ____ Mont. ____, 649 P.2d 460, 39 St.Rep. 1432, where there was neither a final judgment nor service of notice of entry of judgment and the combined factors constituted a jurisdictional defect.

We hold that the notice of appeal was timely made and proceed to examine the substantive issues raised herein.

ISSUE 2 -- DID THE DISTRICT COURT HAVE JURISDICTION TO HEAR THIS MATTER?

Appellant argues exclusive jurisdiction to resolve water disputes lies with the duly elected water judge of the water division in which the waterways are located pursuant to sections 3-7-101, 102, and 3-7-501, MCA, which provide in pertinent part as follows:

> "3-7-101. Water divisions. To adjudicate existing water rights water divisions are established as defined in 3-7-102. A water division shall be presided over by a water judge."

> "3-7-102. Water divisions boundaries. There are four water divisions whose boundaries are formed by the natural divides between drainages and the borders of the state of Montana and which are described as follows:

5

(1) The Yellowstone River Basin water division consists of those areas drained by the Yellowstone and Little Missouri Rivers and any remaining areas in Carter County . . ."

"3-7-501. Jurisdiction. (1) The jurisdiction of each judicial district concerning the determination and interpretation of existing water rights is exercised exclusively by it through the water division or water divisions that contain the judicial district wholly or partly.

(2) No water judge may preside over matters concerning the determination and interpretation of existing water rights beyond the boundaries specified in 3-7-102 for his division except as provided in 3-7-201 and 3-7-213.

(3) The water judge for each division shall exercise jurisdiction over all matters concerning the determination and interpretation of existing water rights within his division as specified in 3-7-102 that are considered filed in or transferred to a judicial district wholly or partly within the division."

After the instant action was filed on May 12, 1977, District Judge Jack D. Shanstrom, acting as water judge, designated the presiding judge of the Thirteenth Judicial District, Judge Charles Luedke, to be the water judge for purposes of presiding over the proceedings here at issue. The appellant contends that Judge Luedke was without jurisdiction because the water judge did not comply with statutory requirements for designating an alternate judge to serve as water judge. Appellant relies upon section 3-7-213, MCA, which provides:

"3-7-213. Designation of alternate judge. The water judge may designate any other district judge or retired district judge to preside in his absence on his behalf as water judge for the immediate enforcement of an existing decree or the immediate granting of extraordinary relief as may be provided for by law upon an allegation of irreparable harm."

Appellant contends the requirements of section 3-7-213, MCA, have not been met and that Judge Luedke did not have jurisdiction. We find such argument to not be dispositive of the issue.

Section 3-7-501(2), MCA, hereinbefore set forth, provides that no water judge may preside over matters beyond the boundaries of his water division. The apparent purpose of the statute is to recognize the parochial nature of water usage and assure that water judges are conversant with the history of water usage when making water adjudications. The provisions of section 3-7-213, MCA, governing designation of an alternate judge, must be interpreted in conjunction with the provisions of section 3-7-501. When the two sections are integrated we find that the intent of the legislature was to provide that a district judge, sitting as a water judge, could not serve beyond the boundaries of his division absent the showing required by section 3-7-213, MCA. In other words Judge Shanstrom could not have called in a district judge from outside the division to serve as water judge in the Yellowstone River Basin Water Division without a showing that there was "an immediate enforcement of an existing decree or the immediate granting of extraordinary relief." No such showing was necessary here. Judge Luedke served as a district judge with general jurisdiction over water rights matters and he was located within the Yellowstone River Basin Water Division. Judge Luedke clearly had jurisdiction.

CONSOLIDATION OF ISSUES 3 THRU 6

WHETHER THE DISTRICT COURT VIOLATED ANY CONSTITUTIONAL RIGHTS OF APPELLANT OR ACTED CONTRARY TO MONTANA LAW IN INTERPRETING THE 1970 WATER RIGHTS DECREE?

Appellants contentions categorized in issues 3 thru 6 rest upon two bases. First, appellant assumes that the adjudication here at bar, affects people not before the court. Secondly, appellant believes that Clear Creek water rights can be adjudicated separate and apart from Rock Creek water rights. Both contentions fail.

7

With respect to the contention that rights not before the court were being adjudicated, the District Court, in its memorandum in support of final order, stated:

"The second principal ground for resistence by respondent Pihlaja is his contention that to grant the relief requested by petitioners will be tantamount to ordering that the separate water right adjudication decrees of Clear Creek and Rock Creek be administered as one, which would be violative of the due process rights of all of the other owners of water rights in Clear Creek.

"If that were the scope of relief sought by the present petitioners, the respondents position would be well-taken. However, the present petition is limited to the water and water rights which DeVries and Pihlaja rendered subject to this action, the Rock Creek cause, by the filing of their original petition and invoking Court jurisdiction as to them and securing an Order which allegedly affects the Rock Creek decreed rights of the present petitioners. Whether the present petition is construed as a continuation of the legal momentum created by the original petition and Order issued thereon, or is construed as a complaint of dissatisfied Rock Creek water users under section 85-5-301, MCA, it is confined to the question of the proprieties of the water allocation being made by the Water Commissioner under the influence of the February 17, 1970 Order. In that way the relief sought by the present petitioners is actually a matter of directing the Water Commissioner with respect to the proper interpretation and effect to be given to the language 'contingent on water being available for said filings.' The present petitioners contend that such 'availability' should be measured according to priority rights vested in Rock Creek water right owners and respondent contends that it should not. The issue raised is, therefore, far short of any request to administer two separate decrees as one."

We agree with the District Court. The only rights affected by the court's order are the rights of the parties before the court. The court held that the proper interpretation to be given to the February 17, 1970 Order, was simply that "available water" had to recognize senior rights in Rock Creek. This did not administer two streams and does not affect rights not before the court.

We now turn our attention to the basic problem involved, namely, a determination of the relationship between the Clear

8

Creek water in which appellant has rights and the decreed water rights of petitioners in Rock Creek.

It is undisputed that Clear Creek is a tributary of Rock Creek. As such, its waters belong to Rock Creek to the extent of prior appropriations. Woodward v. Perkins (1944), 116 Mont. 46, 147 P.2d 1016; Loyning v. Rankin (1946), 118 Mont. 235, 165 P.2d 1006.

It is also undisputed that the decreed water rights of the petitioners are prior in time to the Clear Creek appropriations acquired by appellants. We need not cite authority for the proposition that "first in time, first in right" is the controlling principle. We agree with the District Court that the 1970 Court Order, applied by the Rock Creek water commissioner to fulfill junior appropriations ahead of the prior decreed rights of petitioners, was improper. The District Court was correct in honoring the senior rights of petitioners in Rock Creek and requiring that the water rights of appellants be administered so that these senior rights be given priority.

We affirm the order of the District Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

9

Mr. Justice Fred J. Weber, respectfully dissents as follows:

While in general I agree with the legal theories stated in the majority opinion, I do not agree with the result.

The contradiction which is not clearly resolved is pointed out in the majority quotation from the District Court opinion which states:

> "The second principal ground for resistance by respondent Pihlaja is his contention that to grant the relief requested by petitioners will be tantamount to ordering that the separate water right adjudication decrees of Clear Creek and Rock Creek be administered as one, which would be violative of the due process rights of all of the other owners of water rights in Clear Creek.
>
> "If that were the scope of relief sought by the present petitioners, the respondent's position would be well taken . . . "

The order of the District Court does result in rights on Clear Creek and Rock Creek being administered as one.

The petition of February 17, 1970, sought approval for the use of Rock Creek as a conduit to carry Clear Creek water for approximately one and one-quarter miles. The 1970 order does not indicate any intention on the part of petitioners or the District Court to subject Clear Creek rights to Rock Creek rights as a result of the application. Nonetheless, the District Court in its memorandum stated:

> "That brings us to the basic problem involved, namely, a determination of the relationship between the Clear Creek water and water rights of respondent, and the decreed water rights in Rock Creek of the present petitioners."

The District Court then pointed out that the decreed Rock Creek rights are prior in time to the Clear Creek appropriations.

The District Court then made its "clarification" of the 1970 order. The effect of that "clarification" is to hold

that the request to transport water in Clear Creek subjected Clear Creek rights to the Rock Creek adjudication. As a result, appellant is now required to allow his Clear Creek water to flow into Rock Creek where it is to be used by Rock Creek appropriators during times of water shortage.

As a result, for the parties to this action, two separate streams are administered as one, a result which the District Court indicated it did not intend. I do not find the 1970 petition and order a sufficient basis for that type of action.

From the majority opinion, which is founded upon the principle of first in time being first in right, an owner of a Rock Creek water right can arbitrarily sue any owner of a Clear Creek right and restrain his usage of water during times of shortage. In the absence of an adjudication which covers both streams, I do not agree with that conclusion.

_____
Justice