No. 83-135

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

ROGER WHITE and KAREN WHITE,

Plaintiffs and Appellants,

-vs-

FRANK LOBDELL and KATHRYN LOBDELL,
PONDEROSA REAL ESTATE and FIDELITY
REAL ESTATE,

Defendants and Respondents.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Datsopoulos, MacDonald & Lind; Christopher B.
Swartley argued, Missoula, Montana

For Respondents:

Baldassin, Connell & Beers; William R. Baldassin
argued for James and Robert Payne, Missoula,
Montana

---

Submitted: November 3, 1983

Decided: March 1, 1984

Filed: ░░░ ░ ░ ░84

*Ethel M. Harrison*

---
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiffs Roger and Karen White appeal from the order of the Fourth Judicial District Court, Missoula County, denying their motion under Rule 21, M.R.Civ.P. to join Robert and James Payne as defendants. We reverse the order of the District Court.

The issues are:

1. Is an order denying a motion for joinder a final judgment or order which must be appealed within 30 days pursuant to Rule 5, M.R.App.Civ.P.?

2. Did the District Court err in denying plaintiff's motion to join defendants under Rule 21, M.R.Civ.P.?

3. Does the statute of limitations bar plaintiffs from pursuing this action against the Paynes?

4. Does res judicata or collateral estoppel preclude Paynes from denying liability?

In 1979, Roger and Karen White filed suit against Frank and Kathryn Lobdell, Robert and James Payne, Ponderosa Realty Company (Ponderosa) and Fidelity Real Estate (Fidelity). The Whites were purchasers and the Lobdells were sellers of real estate in Missoula, Montana. Ponderosa was the listing office from which Fidelity received the listing as a participant in the Missoula Multiple Listing Service. Robert Payne was the broker, officer and majority stockholder of Ponderosa. Robert's son James was a real estate salesman for the company.

On June 24, 1980, the Paynes were, according to the District Court, "dismissed with prejudice." The conversation that occurred between the Court and counsel regarding dismissal of the Paynes was as follows:

"THE COURT: Do the Defendants Lobdells and Payne have any objection?

"MR. MILODRAGOVICH: None, Your Honor. One question I have for purposes of clarity of the

2

record, when the caption was originally established on this the Defendants were Robert and Jim Payne; I think since then it's been stipulated that Ponderosa Real Estate, which was the organization that they were working for, was the actual party in interest and that Paynes were taken out of it. I don't know what the status of that is as far as at the present time. I know we show it as Ponderosa Realty in the pretrial order.

"MR. SWARTLEY: For the record, Your Honor, <u>the complaint was originally drawn reflecting Ponderosa Realty as a partnership or sole proprietorship; we later learned it was a corporation</u>, and I believe still has corporate existence.

"MR. BALDASSIN: That is correct.

"MR. SWARTLEY: And if that is the case, then the individual Defendants Robert and James Payne were--as I am sure that the evidence will develop, were acting merely as either officers, agents, or employees of the corporation, and we would be willing to stipulate to that fact.

"THE COURT: Robert Payne and James Payne will be stricken as parties Defendant. It will be Frank Lobdell and Kathryn Lobdell, Ponderosa Realty Company and Fidelity Real Estate?

"MR. SWARTLEY: Correct.

"THE COURT: Very well." (emphasis added)

Following a recess, the subject was brought up again in chambers:

"MR. BALDASSIN: I have two requests. First one is, at an earlier conference in chambers the Defendants, Robert Payne and James Payne, were dismissed as parties Defendant; in discussing the matter with them, they were a little unsure as to the legal implications of that so I have asked counsel whether we could go on the record and formally stipulate that the Defendants, Robert Payne and James Payne, are hereafter dismissed or hereby dismissed with prejudice.

"MR. MILODRAGOVICH: We have no objection.

"MR. SWARTLEY: I will stipulate to that.

"THE COURT: Very well, the names of Robert and James Payne will be dismissed with prejudice."

Later, upon motion by Ponderosa, the District Court dismissed Ponderosa as a party defendant on the basis of our decision in State ex rel. City of Havre v. District Court (Mont. 1980), 609 P.2d 275, 37 St.Rep. 552. In dismissing Ponderosa, the Court reasoned that Ponderosa's liability

3

derived solely from the negligent acts of its agents, the Paynes; since the Paynes had been dismissed with prejudice, no basis remained for finding Ponderosa liable.

The jury found the Lobdells not liable but found Fidelity liable for fraud and negligence and awarded $10,255 in damages to the Whites. The jury found Fidelity 40% negligent and "other parties" 60% negligent.

On appeal we vacated the District Court's order dismissing Ponderosa and remanded the cause for retrial. White v. Lobdell (Mont. 1982), 638 P.2d 1057, 39 St.Rep. 1. We affirmed the judgment as to the Lobdells. In holding that the District Court improperly applied City of Havre, we stated:

> "What occurred here was not a substantive dismissal with prejudice of an agent or employee, but rather the substitution of a proper party before the court. The District Court simply struck the entity of a copartnership and inserted the entity of a corporation. If the corporation had not been added, the action might be subject to a motion for misjoinder, but Rule 21, M.R.Civ.P. provides that a misjoinder of the parties is not a ground for dismissal and that parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. The court in this case simply added a party, the corporation, and dropped a party, the alleged copartnership." 638 P.2d at 1060, 39 St.Rep. at 5-6.

We reversed that portion of the District Court's decision that "dismissed with prejudice" the Paynes and noted that because "the Paynes had earlier been eliminated from the cause as party defendants by an order of the court," they were "not before the court for dismissal with prejudice." 638 P.2d at 1060-61, 39 St.Rep. at 6. Thus, we found that City of Havre was inapplicable.

The action now before us concerns the District Court's refusal to join the Paynes as defendants in the second trial. On February 16, 1982, before the second trial, Whites filed a motion to join Paynes as defendants under Rule 21, M.R.Civ.P.

4

After oral argument and submission of briefs, the District Court denied Whites' motion for joinder, based upon the purported dismissal with prejudice and the failure of Whites to object to that dismissal.

Ponderosa failed to appear at the second trial and the District Court found it liable to the Whites for constructive fraud. At that time, Ponderosa was insolvent and shortly thereafter dissolved. Damages were not assessed against Fidelity.

The Whites appeal the District Court's judgment, challenging denial of their motion to join the Paynes pursuant to Rule 21, M.R.Civ.P.

I

Respondent Ponderosa argues that an order denying a motion for joinder is a final judgment or order which must be appealed within 30 days pursuant to Rule 5, M.R.App.Civ.P. Because the Whites did not appeal the order denying joinder within 30 days, Ponderosa argues the Whites are barred from challenging the order. The District Court entered its order denying the motion for joinder on July 29, 1982. Appellants filed notice of appeal on February 7, 1983, after completion of the trial on January 24, 1983.

Rule 5, M.R.App.Civ.P. provides that a judgment or order must be appealed from within 30 days of entry of the judgment or order. Ponderosa argues that the denial of joinder was a final judgment from which appeal may have been taken because it was a final determination of the rights of the parties and the issues between them. We disagree.

Under Rule 54(b), M.R.Civ.P., interlocutory judgments involving multiple claims or parties must be certified as final judgments in order to be appealable. Benders v. Stratton (Mont. 1982), 655 P.2d 989, 991, 39 St.Rep. 2389, 2391. Rule 54(b) provides:

5

"When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

We considered Rule 54(b) in conjunction with Rule 5 in the recent case of Granite Ditch Co. v. Anderson (Mont. 1983), 662 P.2d 1312, 40 St.Rep. 630. As here, respondents in Granite Ditch Co. argued that appellants' notice of appeal was not timely because the District Court's order constituted a final order which had to be appealed within 30 days. We rejected that argument and held that absent an express determination that there is no just reason for delay and absent certification as a final judgment, an order adjudicating the rights and liabilities of less than all the parties is not appealable. 662 P.2d at 1314, 40 St.Rep. at 632.

Here, the order denying joinder did not adjudicate the claims, rights or liabilities of all parties nor was the order certified as a final judgment. Thus, the order was not a final judgment requiring appeal within 30 days.

Further, the order denying joinder is not one specifically denominated as appealable under Rule 1, M.R.App.Civ.P. Orders are not appealable unless specifically denominated as such in Rule 1. Shields v. Pirkle Refrigerated Freight Lines, Inc. (1979), 181 Mont. 37, 42, 591 P.2d 1120, 1123. This case was not ripe for appeal until completion of trial on January 24, 1983 when the interests of

6

all parties were finally determined. Rule 5 does not bar appeal of the District Court's order.

## II

The Whites argue that the District Court erred in denying their motion to join the Paynes as defendants under Rule 21, M.R.Civ.P. They argue that because this Court held the Paynes were not dismissed with prejudice, the Paynes were subject to joinder under Rule 21. Ponderosa argues that grant or denial of a motion for joinder lies in the discretion of the District Court and that the District Court did not abuse its discretion in denying the motion.

In Holiday Publishing Co. v. Gregg (S.D.N.Y. 1971), 330 F.Supp. 1326, the Court allowed joinder of additional defendants and reviewed the policies behind Rule 21, F.R.Civ.P., which is identical to Rule 21, M.R.Civ.P. The Court found that the same liberal standards applicable to amendment of pleadings should apply to joinder of parties.

> "The instant case is similar to Kaminsky v. Abrams, 41 F.R.D. 168 (S.D.N.Y. 1966). There, as here, plaintiff moved, under Rules 15 and 21, to add parties defendant and amend the complaint . . ..
> In granting the motion, Judge Tenney remarked:
>
> "'In any event, the liberal standards upon which amendments are to be granted when leave of the Court is required under Rule 15(a) should guide the Court on motions to add parties under Rule 21.'
>
> "Amendment is favored so that the merits of the claims presented may be passed upon. Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); and unless good reason appears to deny the motion, to do so would be an abuse of discretion, Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)." Holiday Publishing, 330 F.Supp. at 1328 (emphasis added).

The Court in Holiday Publishing found that the defendants' reasons for seeking to deny joinder "swim upstream against the philosophy of the Federal Rules and the decisions construing them." 330 F.Supp. at 1328. Defendants contended that joinder should be denied because plaintiff knew earlier of his claim against the defendants he sought to

join, granting the joinder would delay the litigation, and granting the motion would prejudice defendants' rights by increasing their costs of defense. None of these considerations were found to outweigh the policies of allowing for full litigation of all claims on the merits and allowing joinder "freely."

In Foman v. Davis (1962), 371 U.S. 178, the Supreme Court emphasized the spirit of the Rules of Civil Procedure:

> "It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' Conley v. Gibson, 355 U.S. 41, 48.
>
> . . .
>
> "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded . . .. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." 371 U.S. at 181-82 (emphasis added).

As noted in Holiday Publishing, the same standards should apply to joinder of parties under Rule 21 as apply to amendments of pleadings under Rule 15. This Court has followed the rule of Foman in Prentice Lumber Co. v. Hukill (1972), 161 Mont. 8, 504 P.2d 277, holding that denial of leave to amend is error where there is no apparent or declared reason for the denial. 161 Mont. at 17-18, 504 P.2d at 282.

8

In Rambur v. Diehl Lumber Co. (1964), 144 Mont. 84, 394 P.2d 745, we stated that one of the purposes of the Rules of Civil Procedure is to facilitate the decision of cases on their merits and that "it is to be considered a serious matter when a party moves to have a case disposed of on grounds other that the merits . . .." 144 Mont. at 90, 394 P.2d at 749. Although some cases speak in broad terms of the district courts' discretion in granting or refusing joinder, we must evaluate those cases to determine whether they are "correct and fair in light of the purpose of the rules to get to the merits." 144 Mont. at 93, 394 P.2d at 750.

In State ex rel. Stenberg v. Nelson (1971), 157 Mont. 310, 486 P.2d 870, we found that Rule 21 determinations are discretionary. But that discretion is not license to rule without valid reasons. We reviewed the trial court's ruling in Stenberg in light of the policies behind the Rules, "to the end of adopting that procedure which will result in a just final disposition of the litigation." 157 Mont. at 319, 486 P.2d at 875. Stenberg concerned severance of actions against three groups of separate and independent tort-feasors, rather than joinder of defendants. The claims in Stenberg were based upon acts by separate tort-feasors who acted "independently, successively, at different times, in different places, and whose acts or omissions were entirely dissimilar . . .." 157 Mont. at 320, 486 P.2d at 876. On that basis, the District Court's severance of the actions was found not to have been an abuse of discretion. However, Stenberg does not support the District Court's refusal in this case to join the Paynes as defendants.

The reason given by the District Court for refusing to join the Paynes was that appellants had previously agreed to dismissal with prejudice. However, in our previous opinion in this case we found that there had been a substitution of

9

parties, rather than a dismissal of Paynes with prejudice. Moreover, even though appellants may have erroneously agreed to dismissal of Paynes, as the Supreme Court stated in Foman, "one misstep by counsel" should not be decisive to the outcome. Viewing this case in light of the policy of the rules to reach a final determination on the merits rather than to dispose of cases on technicalities, and in light of the policy enunciated in Holiday Publishing to liberally allow joinder under Rule 21, we find that the District Court abused its discretion in refusing without valid reason to join Paynes as defendants.

## III

Ponderosa next contends that the statute of limitations bars appellants from pursuing this action against the Paynes. The parties' briefs do not make clear which period of limitation applies. The complaint is framed in terms of fraud or negligent misrepresentation. Section 27-2-203, MCA sets a two-year limit on actions for relief on grounds of fraud or mistake, so that it appears the statute of limitation on plaintiff's action is two years. See Falls Sand and Gravel Co. v. Western Concrete, Inc. (D.Mont. 1967), 270 F.Supp. 495; Anderson v. Applebury (1977), 173 Mont. 411, 567 P.2d 951; Rock v. Birdwell (1967), 149 Mont. 449, 429 P.2d 634.

The cause of action accrues under section 27-2-203, MCA when the fraud is discovered. Here, the fraud was discovered in April 1979. The complaint was filed in August 1979. The Paynes were dismissed from the action in June 1980 and plaintiffs moved to join them in February, 1982. If the two-year limit applies, the statutory period would have expired before plaintiffs attempted to join the Paynes. However, Rule 15(c), M.R.Civ.P. provides that where parties are changed, the date of the change relates back to the date

of the original pleading if two conditions are satisfied. If these two conditions are satisfied here, the Whites' claim is not barred by the statute of limitations.

The first requirement is that the party to be joined "has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits . . .." Rule 15(c)(1), M.R.Civ.P. Paynes clearly had full notice of the institution of the action because they were originally parties to the action.

The second requirement is that the party to be joined "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Rule 15(c)(2), M.R.Civ.P. As officers of the corporation Ponderosa Realty, Paynes knew or should have known of their potential liability in corporate transactions. They also knew or should have known of the corporation's financial condition and of their personal involvement in the real estate transaction giving rise to this lawsuit. They knew or should have known that but for their dismissal by the District Court they would have been individually called to account for their alleged negligent and fraudulent conduct. Given their close identity of interest with Ponderosa, it is not unfair to allow relation back of the joinder to the date the complaint was originally filed.

We conclude the second requirement is also met. Thus, the date of joinder of the Paynes will relate back to the date of the original pleading and the statute of limitations will not preclude the Whites from pressing their claim against the Paynes.

IV

The final issue is whether res judicata or collateral estoppel precludes Paynes from denying liability. The

11

District Court found that "[t]he damages suffered by the Plaintiffs resulted from the breach of duty by the employees of Ponderosa Real Estate." The Whites contend that Paynes should now be estopped from denying liability.

This issue is raised for the first time on appeal. The District Court has made no ruling on this issue and the parties' briefs do not address it in detail. We therefore conclude that it would be premature for this Court to rule on this issue and we decline to do so.

The District Court's order denying joinder is reversed and the cause is remanded for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Mr. Justice L.C. Gulbrandson dissenting.

I respectfully dissent.

Rule 21, M.R.Civ.P. provides:

> "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be served and proceeded with separately." (Emphasis added.)

Joinder under this rule is not automatic. The rule only provides that parties ". . . may be dropped or added . . . on motion . . . ." There is no requirement that they must be added upon motion. Although the court generally views requests to join additional defendants with favor, see 3A Moore's Federal Practice, Paragraph 20.06 (2d.Ed. 1979), it retains broad discretion in ruling on such a motion. Barr Rubber Products Co. v. Sun Rubber Co., 425 F.2d 1114, 1126-27 (2d.Cir.), cert, denied, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970); Fair Housing Development Fund Corp. v. Burke, 55 F.R.D. 414, 420 (E.D.N.Y. 1972); Allied Chemical Corp. v. Strouse, Inc., 53 F.R.D. 588, 589-90, (E.D.Pa. 1971). Factors the judge should consider include trial convenience, avoidance of prejudice, and minimizing expense and delay, all to the end of adopting a procedure that will result in a just and final end to litigation. State ex rel. Stenberg v. Nelson (1971), 157 Mont. 310, 486 P.2d 870.

I find no clear error in the District Court's decision to deny appellants' motion for joinder. The ruling was based upon appellants' consent to the removal of the

respondents' on June 24, 1980. The motion for joinder was made almost two years later on February 16, 1982.

It was not an abuse of discretion to deny the motion for joinder especially in light of "the overriding consideration that the presiding judge must have control of trial procedures to the extent of shaping trials to meet the developing circumstances of the case before him." Stenberg, supra.

I would affirm.

_____
Justice

I join in the foregoing dissent.

_____
Hon. Peter L. Rapkoch, District
Judge, sitting in place of Mr.
Justice Frank B. Morrison, Jr.

-14-