PRUDENTIAL NEW YORK THEATRES INC., Plaintiff,

v.

RADIO CITY MUSIC HALL CORPORATION et al., Defendants.

No. 64 Civ. 752.

United States District Court
S. D. New York.

Jan. 24, 1969.

Wm. Gold, New York City, for plaintiff.

Milbank, Tweed, Hadley & McCloy, New York City, for defendants.

## MEMORANDUM

FRANKEL, District Judge.

Plaintiff has run a long, languid, and seemingly dilatory course of discovery. The present motion was made on the eve of a repeatedly extended period set by the Chief Judge for the completion of discovery. Such a motion, against such a background, ought to rest upon a respectable showing of good cause (Rule 34) and a reasonable semblance of relevancy or the prospect of resulting "discovery of admissible evidence" under Rule 26(b). It was fairly evident on the face of the initial motion papers that they contained no such justification for plaintiff's application. Specifically, despite some run-on sentences that appeared somehow (at least verbally) to tie the subject of "predatory antitrust behavior" with the original subject of "exclusive first-run exhibition rights." * the proposed area of inquiry appeared to be essentially new, distinct, and unrelated to what this old lawsuit had thus far been about.

Confronting this problem, plaintiff's counsel, at the argument and in a supplemental memorandum, announced that the new chapter of discovery is designed to explore and implement a new, "separate," "independent claim for relief," which is intended to be embodied in a further amendment of the complaint, which plaintiff announces it will make at the pretrial conference. There are grave—in fact, fatal—difficulties with this line of asserted justification. Far from being assured as a matter of course, the proposed amendment of the complaint is one which should, on any fair exercise of the court's discretion, be denied. The new theory, for which the new discovery is sought, may well fail to state a claim upon which relief can be granted, a proposition persuasively urged in the papers opposing the present motion. Passing that, however, and assuming the contrary, the amendment should not be permitted. Except that it is dubbed vaguely "antitrust," and related in some tenuous way to a theory of "predatory" business behavior, the asserted new theory is indeed "separate" and "independent" from the original ones, as plaintiff itself states. It is not the kind of closely related subject, arising out of the same general subject matter, for which the liberal view toward even tardy amendments is available.

The gross tardiness of the proposed amendment, in all the circumstances, should lead to the denial of leave if and when plaintiff gets around to seeking it. There is no justification whatever for the long delay. As plaintiff's own papers show at length, the unprofitable operations of the Music Hall over many years were known to the readers of the public press—and especially of journals in the parties' trade. If that situation could have grounded a claim for relief by this plaintiff in this case, it was a claim that should have been asserted long before the case came to be almost five years old.

Since it is not justifiable either on the existing pleadings or on plaintiff's theory of anticipated amendment, the motion should be, and it is, in all respects denied.

So ordered.

* Plaintiff's Memorandum in Support of Discovery, p. 2.