**HOLIDAY PUBLISHING COMPANY (a corporation), Plaintiff,**

**v.**

**Frederic GREGG, Jr., and LIN Broadcasting Corporation, Defendants.**

**No. 69 Civ. 1808.**

United States District Court,
S. D. New York.

July 21, 1971.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for plaintiff; Charles E. Stewart, Jr., Robert A. Meister, New York City, of counsel.

Mudge, Rose, Guthrie & Alexander, New York City, for defendant Frederic Gregg, Jr.

Strasser, Spiegelberg, Fried & Frank, New York City, for defendant LIN Broadcasting Corp.; Laurence Rosenthal, Harold Klapper, New York City, of counsel.

LASKER, District Judge.

In this action alleging violation of Section 10(b) of the Securities Exchange Act of 1934, plaintiff moves under Rules 15 and 21, F.R.Civ.P., to add new parties defendant and to amend the complaint to reflect the addition of such parties and other incidental matters, such as a substitution of attorneys.

The suit was filed April 30, 1969. It charges misrepresentation by defendants as to the financial condition of LIN Broadcasting Corporation ("LIN") at the time plaintiff purchased defendant Gregg's controlling interest in LIN. Plaintiff claims that until it had taken the deposition of Gregg and Martin S. Ackerman (former president of Saturday Evening Post Company, plaintiff's predecessor in interest) it did not have knowledge that the board of directors of LIN (of which the proposed new defendants were members at the relevant time) " * * * knew of and approved the fraudulent misrepresentations of defendants Gregg and LIN whereby plaintiff was induced to purchase Gregg's stock interest in LIN." (Affidavit of Robert A. Meister, attorney for plaintiff, sworn to October 30, 1970).

Defendants oppose the motion on the grounds that (a) the knowledge and approval of LIN's board of directors was known to plaintiff at the time it filed the original complaint; (b) granting the motion would delay the litigation; and (c) granting the motion would prejudice the rights of defendants, primarily by adding burdensome costs to their defense.

In support of their contention that plaintiff was aware, at the commencement of this action, that the LIN directors knew and approved of the statements which plaintiff alleges as misrepresentations, defendants rely primarily on the fact that a short time before this suit was instituted an action was brought by plaintiff against Gregg, LIN *and the defendants now sought to be added in this case* on related subject matter. That action was brought in the New York state courts, and alleged inter alia that "plaintiff advised all of the defendants herein" of the substantive facts there set forth.

This argument might be weighty if the allegations of fact in the instant complaint corresponded to those in the state action. But they do not. The state case claimed a breach of contract to transfer control of LIN to plaintiff, and did not deal with the subject of LIN's financial condition or the knowledge of LIN's directors as to its condition. There is merit, therefore, in plaintiff's rejoinder, on this motion, that " * * *. to say that plaintiff then knew that the LIN directors refused to transfer working control of LIN to plaintiff is entirely different than alleging that plaintiff then knew the Board of Directors had also participated prior thereto in a series of fraudulent misrepresentations regarding the financial condition of LIN in contravention of Section 10(b) of the Securities Exchange Act of 1934 * * * and Rule 10b–5 thereunder." (Affidavit of Robert A. Meister, sworn to November 10, 1970).

Defendants' contention that plaintiff's action in proposing to add the new defendants "is seeking to avoid a New York Court's ruling [dismissing the New York suit as making a claim against public policy] by tiptoeing into the Federal Court" (affidavit of Laurence Rosenthal, sworn to November 5, 1970) is unimpressive. If the disposition by the New York court permits defenses of res judicata or collateral estoppel—though this opinion is far from making such a finding—the defenses are readily available to all the defendants, old and new, in answer to the amended complaint. In any event, a motion to amend does not properly raise such questions. Nyscoseal, Inc. v. Parke, Davis & Co., 28 F.R.D. 24 (S.D.N.Y.1961).

As a further claim that plaintiff knew, when it brought this suit, that LIN's directors were aware of the facts alleged here, defendants rely on a draft affidavit of Ackerman dated "September ___, 1969," which stated that he had met with the other directors of LIN and had "told them that the Saturday Evening Post Company was interested in purchasing Gregg's shares with a view to assuming management and ultimately control of LIN." (Exhibit C to affidavit of Laurence Rosenthal, supra). However, aside from the fact that Ackerman's revelations (set forth in an unexecuted affidavit) do not establish that the LIN directors had knowledge of LIN's financial condition—the facts relevant to the instant complaint and motion—it is not possible that an affidavit prepared in September 1969 could have informed plaintiff as of April 1969, when this suit was commenced.

Nor does the record indicate that the addition of the proposed defendants will unfairly delay the litigation. The new defendants have already been named as defendants in two other suits (Arlington Investment Company et ano. v. Gregg, et al., 69 Civ. 4328, and Twining, et al. v. Gregg, et al., 69 Civ. 1509), which have heretofore been consolidated with this action for pre-trial purposes. It is reasonable to assume that the common questions upon which consolidation was predicated are such as to involve minimal delay in the completion of dis-

covery in this case if the proposed new defendants are added.[1]

In any event, plaintiff could commence a new identical action against the new defendants which would presumably be consolidated with the present suit. To force the court to spend time on such procedural rigmarole would be wasteful and unwarranted.

The considerations expressed above on the issue of delay are equally applicable on the question of prejudice to the present defendants, and equally dispositive.

Greater weight might be given to defendants' contentions if they did not swim upstream against the philosophy of the Federal Rules and the decisions construing them.

The instant case is similar to Kaminsky v. Abrams, 41 F.R.D. 168 (S.D.N.Y. 1966). There, as here, plaintiff moved, under Rules 15 and 21, to add parties defendant and amend the complaint in a stockholders' action brought under the Securities laws. In granting the motion, Judge Tenney remarked:

> "In any event, the liberal standards upon which amendments are to be granted when leave of the Court is required under Rule 15(a) should guide the Court on motions to add parties under Rule 21."

Amendment is favored so that the merits of the claims presented may be passed upon. Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); and unless good reason appears to deny the motion, to do so would be an abuse of discretion, Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). In Foman, the Court observed:

> "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), ¶¶

15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."

The decision relied upon by defendants in Barr Rubber Products Co. v. Sun Rubber Co., 425 F.2d 1114 (2d Cir. 1970), does not compel a contrary conclusion. The Court of Appeals' affirmance of the denial of a motion to add parties was there predicated on the facts that the motion was made four and one-half years after the suit was instituted and 6,000 pages of depositions had been taken. Here, no such delay has occurred; the delay which has occurred appears equally attributable to both sides; and review of the depositions (totaling 1,000 pages), while not insignificant in length, poses no such obstacle as existed in Barr.

On the facts of record and the authorities cited above, the motions to add new defendants and amend the complaint are granted.

It is so ordered.

---

1. This discussion of the impact of delay deliberately ignores the question of responsibility for delay prior to bringing the instant motion. The artillery fired by counsel at each other on that subject in their respective affidavits produces a standoff and prompts the imprecation of a plague on both houses.