DATA DIGESTS, INC., et al., Plaintiffs,

v.

STANDARD & POOR'S CORPORATION and McGraw-Hill, Inc., Defendants.

No. 66 Civ. 2376.

United States District Court, S. D. New York.

Nov. 16, 1972.

Robert W. Biggar, Jr., New York City, for plaintiffs.

White & Case, Booth & Baron, New York City, for defendants; Thomas Kierman, George C. Baron, Carl D. Liggio, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

### I

Plaintiffs move to vacate a protective order entered July 3, 1969, by the late Judge Edward C. McLean upon a claim that it was based upon false representations made by defense counsel. Although the matters now relied upon to vacate the order were known to plaintiffs and there counsel during Judge McLean's lifetime, no explanation has been offered as to why the motion was not previously made. In any event, consideration of the claims set forth in the voluminous moving papers, containing much irrelevant material, does not justify the vacatur of the order. Plaintiffs' reiterated assertion that the order was the result of false representation by defense counsel is not supported by the record. The order was granted to prevent public disclosure of the confidential data and material pertaining to defendants' affairs and derived by plaintiffs during the discovery process.[1]

---

1. Parenthetically, it appears that plaintiffs themselves obtained similar protection. Defense counsel agreed with respect to an examination of plaintiff Data Digests' books and records by accountants designated by defense counsel that any information derived therefrom will be disclosed only to counsel for the defendants; that such information will not be revealed to the defendants and only used at the trial in resisting plaintiffs' claims. The accountants so engaged swear unequivocally they have adhered to this agreement. Plaintiffs' allegation

■ The contention that the protective order should be lifted so as to enable plaintiffs to communicate the protected information to various governmental authorities in furtherance of the public interest is without substance. The governmental authorities, whether executive or congressional, if interested in obtaining the information, have the available means and power, subpoena and otherwise, to obtain or compel its production. The vindication of the public interest in the enforcement of the criminal laws rests with the Department of Justice and not with the plaintiffs who are asserting private antitrust claims.[2] The plaintiffs here can play their role "as private attorneys general"[3] in protecting the public interest in the enforcement of the antitrust laws by proceeding to trial. The reward of treble damages and substantial fees[4] in the event of recovery is intended to encourage such actions in the public interest.[5] With the discovery process completed by both sides and trial imminent, the case should be tried in the courtroom under our adversary system; the issues are not disposed of by affidavits submitted on this motion, which abound in much rhetoric and reiterated charges but fail to meet evidential and relevancy requirements.[6]

■ The defendants' cross-motion to enlarge the protective order also is denied. The present order is sufficient to protect its interests. Defendants, if they contend plaintiffs have violated the terms of that order, have an appropriate remedy.

## II

The plaintiffs also move for leave to serve a third amended complaint and to add seventeen additional parties defendant. Plaintiffs seek to advance a sixth claim which, among other charges, alleges that a conspiracy existed between defendants and various government officials to cause the Antitrust Division of the Department of Justice not to investigate, or otherwise perform its duties with respect to, plaintiffs' charges against the defendant Standard & Poor's Corporation; also that a conspiracy existed involving officials of the Price Commission to permit Standard & Poor's to obtain unauthorized or illegal price increases; also included are charges of conspiratorial conduct direct-

(Proposed Amended Complaint, ¶ 133) that they "are informed and believe" to the contrary, without evidential support, is insufficient to negate the affirmative affidavit.

2. *Cf.* United States v. Greater Blouse, Skirt & Neckwear Contractors Ass'n, 228 F.Supp. 483, 486, 489 (S.D.N.Y. 1964).

3. *See* Perma Life Mufflers, Inc. v. International Parts Corp., 392 U.S. 134, 147, 88 S.Ct. 1981, 20 L.Ed.2d 982 (1968) (Fortas, J., concurring).

4. 15 U.S.C. § 15; *see generally* Locklin v. Day-Glo Color Corp., 429 F.2d 873 (7th Cir. 1970), cert. denied, 400 U.S. 1020, 91 S.Ct. 582, 27 L.Ed.2d 632 (1971); Bergen Drug Co. v. Parke, Davis & Co., 307 F.2d 725, 727–728 (3d Cir. 1962); Kinnear-Weed Corp. v. Humble Oil & Refining Co., 214 F.2d 891, 893–894 (5th Cir. 1954), cert. denied, 348 U.S. 912, 75 S.Ct. 292, 99 L.Ed.

715 (1955); S. Oppenheim & G. Weston, Federal Antitrust Laws 873–892 (3d ed. 1968); E. Timberlake, Federal Treble Damage Antitrust Actions (1965).

5. *See* Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130–131, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969); *cf.* Perma Life Mufflers, Inc. v. International Parts Corp., 392 U.S. 134, 88 S.Ct. 1981, 20 L.Ed.2d 982 (1968); Lawlor v. National Screen Serv. Corp., 349 U.S. 322, 329, 75 S.Ct. 865, 99 L.Ed. 1122 (1955); Flintkote Co. v. Lysfjord, 246 F.2d 368, 398 (9th Cir.), cert. denied, 355 U.S. 835, 78 S.Ct. 54, 2 L.Ed. 2d 46 (1957); United States v. Standard Ultramarine & Color Co., 137 F. Supp. 167 (S.D.N.Y.1955).

6. "Trial by affidavit is no substitute for trial by jury which so long has been the hallmark of 'even handed justice.'" Poller v. Columbia Broadcasting Sys., Inc., 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962).

ed toward plaintiffs which their counsel acknowledge are "so scandalous and so far-reaching in their implications that they tend to become inherently incredible." [7]

While it is true that Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend the pleadings "shall be freely given when justice so requires," it may not be granted to the prejudice of the opposing party or where it will result in undue delay.[8]

The action has been pending since August 1966, more than six years, and in normal course, taking into account the nature of the suit and discovery procedures, it could readily have been tried within three years thereafter. With discovery now complete, the trial is imminent. That the trial was not reached sooner is attributable to numerous requests by plaintiffs for extensions with respect to interrogatories, depositions, amended complaints and substitutions of attorneys. These account for three or more years delay. The present amended complaint contains serious charges against the defendants and now that a trial is readily available they are entitled to be heard on the merits in resisting those charges and also upon their counterclaim. To grant leave to serve a further amended complaint, with its even more serious charges "so scandalous and so far-reaching . . . that they tend to become inherently incredible" would only serve to delay further a trial already too long deferred, and thereby prejudice the defendants. These new charges which plaintiffs assert raise issues of "public interest" and of a "criminal nature," assuming they state a claim, go far beyond the issues presented under the existing complaint in this private antitrust litigation. Most of the acts now complained of occurred subsequent to 1969 and some are alleged to have occurred as recently as 1972, whereas under the present amended complaint the alleged wrongs occurred prior to 1969. Thus, a new round of discovery and pretrial procedure will be required. With seventeen new defendants brought into the case under the proposed amended pleading, each will be entitled to discovery; the existing defendants will be entitled to further discovery with respect to the new and serious charges. Plaintiffs, if their motion is granted, also would have the right to avail themselves of pretrial discovery procedures relative to their new claims. These procedures obviously will result in inordinate and excessive delay. It is significant that one of the plaintiffs acknowledges that further amendment of the complaint "will extend the time required for resolution of the issues to an impossible degree." Judging by the leaden-footed pace with which this case has moved thus far, it can only mean it will take years for the case to be reached for trial.

The defendants assert that two of their material witnesses have died; that former employees who have personal knowledge of the facts have retired and their availability as witnesses decreases in proportion to the additional delay in bringing the case to trial; and defendants stress the obvious fact that the memories of witnesses fade with the passage of time.

Plaintiffs, of course, are free to commence any new action based upon their current charges, but to allow an amendment to their complaint at this stage of

7. Affidavit of Robert Biggar, Jr., October 18, 1972, ¶ 8.

8. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); see Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330–331, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); C. Wright & A. Miller, Federal Practice and Procedure § 1487, at 427–431 (1971).

the current litigation would be prejudicial to the defendants.[9]

Accordingly, the motion for leave to serve an amended pleading is denied.

---

9. *Cf.* Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Prudential N. Y. Theatres, Inc. v. Radio City Music Hall Corp., 47 F.R.D. 533 (S.D.N.Y.1969); Kemwel Automotive Corp. v. Ford Motor Co., 10 F.R.Serv. 2d 15a.212, case 1 (S.D.N.Y.1966).