Mahmoud FUSTOK, Plaintiff,

v.

CONTICOMMODITY SERVICES, INC., Norton Waltuch, Tom Waldeck and Ivan Auer, Defendants.

No. 82 Civ. 1538(MEL).

United States District Court, S.D. New York.

Dec. 5, 1984.

Curtis, Mallet-Prevost, Colt & Mosle, New York City, for Plaintiff; Herbert Stoller, New York City, of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, A partnership including professional corporations New York City, for defendants ContiCommodity Services Inc., Norton Waltuch, Tom Waldeck and Ivan Auer; Mark H. Alcott, Richard A. Rosen, Joel S. Weiss, Douglas G. Morris, New York City, of counsel.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for proposed defendant Continental Grain Co.; David I. Goldblatt, Francis D. Landrey, New York City, of counsel.

Parker, Auspitz, Neesemann & Delehanty, P.C., New York City, for proposed defendant Walter Goldschmidt; Jack C. Auspitz, Hollis L. Hyans, New York City, of counsel.

LASKER, District Judge.

Plaintiff moves pursuant to Federal Rule of Civil Procedure 15 to amend his complaint to add additional claims and defendants. The existing and proposed defendants oppose the motion on the grounds that the addition of new claims and parties would cause them undue delay and prejudice. After careful consideration of the oral and written arguments, the motion is granted in part as to the addition of the proposed defendants and claims numbered one through twenty three, and denied in part as to the twenty fourth claim.

This case has already been the subject of much motion and discovery practice—which is not surprising given that plaintiff Mahmoud Fustok seeks to recover from the defendants more than $50 million in damages allegedly arising out of the collapse of the silver market in the Spring of 1980. *See generally Fustok v. ContiCommodity Services, Inc.,* 577 F.Supp. 852, 853–55 (S.D.N.Y.1984). In an earlier opinion, defendants' summary judgment motion to dismiss the complaint's allegations of unauthorized trading of Fustok's silver account was denied because of the presence of triable issues of fact. *See id.* at 855–59. By the present motion Fustok seeks to amend his complaint, which asserts only unauthorized trading and conversion claims, to allege various acts of fraud and negligence, breaches of fiduciary duty, and violations of state and federal laws by the defendants and the proposed defendants arising out of transactions affecting plaintiff's silver account between November or December of 1979 and March of 1980.

Fustok contends that he learned of the transactions that form the basis for the additional causes of action and for naming the three proposed defendants only after he had obtained relevant documents and depositions through discovery. He argues, *inter alia,* that this newly discovered evidence only now establishes the necessary elements of particularity needed to support the proposed fraud claims, *see* FED.R. CIV.P. 9(b), and the liability of proposed defendants Continental Grain Co. ("Conti Grain"), Conti-Capital Management, Inc. ("Conti Management"), and Walter M. Goldschmidt.

Defendants and proposed defendants assert that granting this motion will produce undue prejudice and delay given the "massive" record that has already been compiled in this case. They note, with what can probably be described as a sense of horror, the statistics describing the large volume of discovery that has already taken place. The record now contains "41 depositions taken over a total of 66 days, comprising 11,000 pages of transcripts and over 1100 exhibits. More than 30,000 pages of documents have been produced .... The parties have filed at least 18 motions, 30 affidavits and 27 briefs. The record contains over 20 orders and stipulations." Affidavit of Mark H. Alcott, ¶ 2, filed October 17, 1984.

Proposed and existing defendants argue that the proposed amended complaint includes new theories of liability, will create the need for new rounds of discovery relating to the new claims and will force the proposed defendants to devote much effort to the process of assimilating the existing record. They also argue that the proposed defendants will be prejudiced because the interests of Conti Grain, Conti Management, and Goldschmidt were not represented as parties at the depositions which have already taken place or in connection with prior discovery. Indeed the proposed defendants represented at oral argument that they would prefer to litigate against Fustok in a separate action in which they would have a complete say in the development of the record.

Defendants further argue that the motion should be denied because the proposed claims are time-barred by the applicable statute of limitations and do not relate back to the original complaint. They add that recent holdings by the court of appeals for this circuit make defective the proposed RICO claim.

Plaintiff responds that the proposed or existing defendants will not be prejudiced by the new causes of action because, contrary to defendants' assertion that this case has focused on the issue of unauthorized trading of the Fustok account, the proposed claims have always been lurking in the background according to the plaintiff. The defendants should not have to conduct significant additional discovery because they already know the facts necessary to prepare their case. As to the proposed defendants, plaintiff contends that they will not be prejudiced because they still have the opportunity to participate in the cross-examination of the principal defense witnesses during their depositions since discovery disputes have delayed their completion. Fustok points out that the only completed depositions involve "back office" employees of the defendants who were examined for the purpose of allowing plaintiff to familiarize himself with defendants' business.

Plaintiff also disputes defendants' assertions of undue delay by noting that none of them has stated what discovery would have to be reopened; that he has provided full discovery to the defendants; and that the proposed defendants would only have to conduct minimal discovery given their close corporate and employment relationships with the existing defendants. On the other hand, Fustok asserts that forcing him to bring another action in order to pursue the added claims against the same parties would be unduly burdensome. Finally, plaintiff contends that none of the proposed claims are time-barred because they all fall within the six year statute of limitations period for fraud claims and because they do in fact relate back to the original complaint

\* \* \* \* \* \*

Federal Rule of Civil Procedure 15(a) provides that "leave shall be freely given [to amend pleadings] when justice so requires." Reasons for denying a motion to amend include undue delay, bad faith, and the resulting prejudice to the opposing party. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Mere delay alone, however, does not warrant such a denial. "[A]bsent a showing of bad faith or undue prejudice, [it] does not provide a basis for a district court to deny the right to amend." *State Teachers Re-*

*tirement Board v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir.1981). As a general proposition, amendment of pleadings are favored in order "to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957); *Holiday Publishing Co. v. Gregg,* 330 F.Supp. 1326, 1328 (S.D.N.Y.1971).

The state of affairs presented by this motion does not lend itself to a simple solution. Permitting the requested amendments will clearly add to what is already a large case. On the other hand, denying plaintiff's request would likely lead to another related litigation of equally grand proportions. All things considered, we conclude that the delay or prejudice which the proposed or existing defendants might suffer if the complaint is amended is not "undue" so as to warrant the motion's denial.

■ Undue delay does not appear to be a problem because discovery appears to have already uncovered many of the facts relating to the prosecution of the added claims. In addition, because discovery of the principle defense witnesses remains to be completed it should be possible to carry out the additional needed discovery in a relatively short period of time. Moreover, unlike some of the cases cited by the defendants, in which courts denied motions to amend that were made more than four years after the suits were instituted, *Barr Rubber Products Co. v. Sun Rubber Co.,* 425 F.2d 1114, 1127 (2d Cir.), *cert. denied,* 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970) (four and one-half years); *A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.,* 68 F.R.D. 383, 386 (N.D.Ill. 1975) (five years); *Data Digests, Inc. v. Standard & Poor's Corp.,* 57 F.R.D. 42, 45 (S.D.N.Y.1972) (six years), no comparable delay has occurred here. The original complaint in this case was filed two and three-quarter years ago and the delay that has

resulted can be attributed to the magnitude of the case and the actions of both sides. *See Holiday Publishing Co. v. Gregg, supra,* 330 F.Supp. at 1328. As a result, the fact that there has already been much discovery in this case does not, alone, given the above considerations, prevent plaintiff from amending his complaint. *See id.*

For related reasons, undue prejudice to the existing or proposed defendants seems to be unlikely. The existing defendants will not be prevented from adequately defending against the new claims because they are already aware of many of the essential facts and can uncover additional information through the discovery process. In addition, it appears that they cannot avoid exposure to these claims even if the motion were to be denied because the claims fall within the six year statute of limitations governing fraud actions. *See* N.Y.CIV.PRAC.LAW § 213(2) (McKinney Supp.1983–84).[1]

As to the proposed defendants, while naming them as parties here places them in the unenviable position of having to assimilate a large record, the bitterness of the pill we are asking them to swallow is at least partly ameliorated by the fact that they do not enter as completely ignorant parties because they have already participated in various aspects of the proceedings to date.

■ The motion to amend the complaint to add the proposed defendants and claims is therefore granted except as to the proposed addition of a so-called RICO cause of action, which is denied without prejudice because it fails to state a claim for the reasons set forth in *Sedima, S.P.R.L. v. Imrex Co.,* 741 F.2d 482, 503 (2d Cir.1984) and *Bankers Trust Co. v. Rhoades,* 741 F.2d 511, 516 (2d Cir.1984).[2]

Plaintiff's motion to amend his complaint is accordingly granted in part and denied in part.

It is so ordered.

**1.** In any event, we agree with plaintiff that the proposed claims relate back to the original complaint because they "arose out of the conduct, transaction or occurrence set forth" therein. FED.R.CIV.P. 15(c).

**2.** In the event that the Supreme Court provides, during the course of these proceedings, a definitive ruling permitting plaintiff to bring his proposed RICO claim, he would be permitted to move to amend his complaint to add this cause of action.