BAY HARBOUR MANAGEMENT LLC, Plaintiff,

v.

Jay CAROTHERS, Mark Scott, Coleen Colreavy, Robert Webber, Deloitte & Touche USA LLP, and "John Doe" "1"-"20", Defendants.

No. 06 Civ. 2520(DC).

United States District Court, S.D. New York.

Feb. 1, 2007.

J.L. Saffer, P.C. by Jennifer L. Saffer, Esq., Scott A. Lucas, Esq., New York City, for Plaintiff.

Cravath, Swaine & Moore LLP by Robert H. Baron, Esq., Jeffrey B. Korn, Esq., New York City, for Individual Defendants.

Hughes Hubbard & Reed LLP by William R. Maguire, Esq., Sarah Loomis Cave, Esq., New York City, for Defendant Deloitte & Touche USA LLP.

## MEMORANDUM DECISION

CHIN, District Judge.

In this securities fraud case, plaintiff Bay Harbour Management LLC ("Bay Harbour") purchased $19 million in junk bonds issued by Levitz Home Furnishings, Inc. ("Levitz") in November 2004 as part of a $130 million private placement (the "Offering"). In October 2005, less than a year later, Levitz filed for bankruptcy protection. The value of the bonds dropped significantly, and Bay Harbour brought this action claiming that it was induced into purchasing the bonds by fraudulent statements and omissions made by defendants misrepresenting Levitz's financial condition.

Defendants requested a pre-motion conference to discuss the filing of motions to dismiss the complaint. I held a conference and thereafter issued an order giving Bay Harbour until June 9, 2006 to file an amended complaint and setting forth a schedule for defendants to move to dismiss.

On June 9, 2006, Bay Harbour filed an amended complaint and defendants thereafter moved to dismiss the amended complaint. After the motions were briefed and just four business days before they were to be argued, Bay Harbour requested permission to move for leave to file a second amended complaint. I gave Bay Harbour permission to file its motion, and

defendants' motions to dismiss were held in abeyance.

■ Bay Harbour filed its motion for leave to amend, and the motion is now before the Court. The motion is granted in part and denied in part. The motion is granted to the extent Bay Harbour seeks merely to correct typographical errors and the like and to the extent it seeks to attribute certain allegations to a particular individual, Bill Hayes, and to modify those allegations. The motion is denied to the extent it seeks to add new allegations relating to the purported manipulation of inventory values through a mechanism referred to as "X–1."

The proposed second amended complaint identifies David Estes, a former Levitz employee, as the source of the new allegations. Estes, however, denies that he ever made the allegations. Indeed, he declares, under penalty of perjury, that "I am aware of no facts that would support any of the allegations."

Under these unusual circumstances, where the purported source of the allegations flatly denies them, the interests of justice would not be served by granting Bay Harbour leave to amend to add the new allegations.

## DISCUSSION

■ Rule 15(a) of the Federal Rules of Civil Procedure provides that where leave of court is required for a party to amend its pleading, "leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). Amendments are generally favored "to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The decision to grant leave to amend is within the sound discretion of the trial court. *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir.1990). Leave to

amend may be denied for undue delay, bad faith, dilatory motive, prejudice to the opposing party, or the futility of the proposed amendment. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Fustok v. Conticommodity Servs., Inc.,* 103 F.R.D. 601, 603 (S.D.N.Y. 1984).

Here, Bay Harbour has already amended its complaint and it seeks leave to file a second amended complaint. Defendants object in part; they oppose the portion of the motion that seeks to add the new allegations relating to the purported manipulation of inventory values through the mechanism referred to as X–1. Accordingly, leave of the Court is required to this extent. Fed.R.Civ.P. 15(a).

■ Bay Harbour's motion for leave to amend is denied as to the new allegations, for I conclude that justice would not be served by permitting the amendment now.

First, I set a deadline for the filing of an amended complaint—June 9, 2006. Bay Harbour filed an amended complaint by that date, and it had a full and fair opportunity to investigate this matter, both before suit was filed and before the June 9th deadline. Bay Harbour never asked for additional time to conduct further investigation. More than five months after the deadline, more than five months after filing its initial amended pleading, Bay Harbour asked for permission to amend its pleading again. Bay Harbour has not sufficiently explained the delay, however, and the delay thus is a factor weighing against granting leave to amend. *See Evans v. Port Auth. of N.Y. & New Jersey,* No. 02 Civ. 3482(LAK), 2003 WL 22287864, at *1 (S.D.N.Y. Oct. 3, 2003) (denying motion for leave to amend complaint a second time, where deadline set by court for amending pleadings had passed and plaintiff failed to show good cause for delay in seeking leave to amend a second time).

Second, defendants would be prejudiced if leave to amend were granted. Their motion to dismiss the amended complaint had been fully briefed and defense counsel had prepared for oral argument. Yet, just four business days before the motions were to be argued, Bay Harbour asked for permission to proceed on a different complaint. It would not be fair to require defendants to start all over with a new complaint containing new allegations. *See, e.g., Ansam Assocs., Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir.1985) (affirming denial of leave to amend because "permitting the proposed amendment would have been especially prejudicial given the fact that ... [the defendant] had already filed a motion for summary judgment"). In addition, Bay Harbour's belated request for leave to amend has already delayed the case and further delays would result if the amendment were allowed now. *See generally Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993) (in determining what constitutes prejudice, court considers whether assertion of new claim would, *inter alia,* (1) require opponent to expend significant additional resources or (2) significantly delay resolution of dispute).

Third, Bay Harbour does not have a reasonable basis for proceeding with the new allegations. The proposed second amended complaint specifically and repeatedly cites Estes as the source of the allegations. For example, the proposed second amended complaint alleges the following, based on statements that Estes purportedly made to Bay Harbour's investigators, Claude Morgan and Thomas W. Yake:

— in early January 2004, Estes was in a car with defendant Mark Scott and heard Scott say to defendant Jay Carothers on a cell phone "OK, so you want all that inventory in the

book even though we haven't received it yet?";

— after X–1 was created, Carothers and Scott openly joked in Estes's presence about " 'transferring' bogus inventory to 'X–1' "; and

— Estes attended "a number of upper-level management meetings" before the Offering where defendant Coleen Colreavy told Carothers and Scott that "the company was in dire financial condition."

(SAC ¶¶ 43, 46, 88).[1]

Yet, in his declaration, Estes denies that he ever said these things. He states, under penalty of perjury:

5. I was very surprised to learn that [Bay Harbour]'s counsel … has identified me as the source of the allegations set forth in paragraphs 5, 41–44, 46–47, 50, 84 and 88–89 of Bay Harbour's proposed Second Amended Complaint. . . . I was not consulted by plaintiff's counsel or by Mr. Morgan about the factual allegations attributed to me. Had they done so I would have told them that those allegations contain a number of misstatements and mistakes, and misrepresent what I said to Mr. Morgan.

6. I have agreed to submit this declaration to set the record straight. Even though I have been identified as the source, I never said—and would never say—what is alleged in paragraphs 5, 41–44, 46–47, 50, 84 and 88–89 of the Second Amended Complaint. As discussed below, I am aware of no facts that would support any of those allegations.

(Estes Decl ¶¶ 5, 6).

Estes specifically states that he never rode in a car with Scott and that he told Morgan that he had "no contact" with Scott. (*Id.* ¶¶ 12, 14). He denies that he told Morgan that Carothers and Scott "openly joked" about transferring non-existent inventory to X–1. (*Id.* ¶ 17). To the contrary, he declares under penalty of perjury that " 'X–1' involved real merchandise that Levitz actually owned." (*Id.* ¶ 21). He specifically denies that he attended a number of upper-level management meetings where Colreavy said that Levitz was in "dire financial condition." (*Id.* ¶ 29).

These circumstances are troubling. Bay Harbour has submitted a proposed Second Amended Complaint that contains highly specific allegations of fraud, allegations based purportedly on information provided by a former employee of Levitz. Yet, the employee denies under penalty of perjury that he made the allegations, and denies that they are true. In light of Estes's declaration, no basis exists for Bay Harbour to assert the new allegations.

Bay Harbour makes three arguments that warrant discussion. First, it contends that the Court should not consider the Estes Declaration because motions to dismiss pursuant to Rules 12(b)(6) and 9(b) should be decided based on the pleadings and not on evidentiary materials such as declarations. This is not, however, a motion to dismiss. Rather, it is a motion for leave to amend a pleading for the second time. In exercising my discretion to determine whether justice requires that leave be granted, it is appropriate for me—in the unusual circumstances here—to consider a declaration from the purported source of the allegations who flatly denies that he made the allegations. *But see Dubai Islamic Bank v. Citibank, N.A.,* 256 F.Supp.2d 158, 162 (S.D.N.Y.2003) ("A court measures futility under the same standard as a motion to dismiss under Fed.R.Civ.P. 12(b)(6).").

Second, Bay Harbour argues that it has affidavits from the two investigators who

---

1. References to "SAC" are to the proposed second amended complaint.

 

interviewed Estes, who state under oath that Estes made the statements to them that form the basis for the allegations in the proposed second amended complaint. These affidavits are not helpful. The investigators have no personal knowledge of the events surrounding Levitz, and they purport only to rely on hearsay: what Estes allegedly told them. At best, these investigators can only be used as impeachment witnesses to contradict Estes if he is called as a defense witness at trial. The investigators cannot be used affirmatively by Bay Harbour at trial to prove the statements that Estes purportedly made to them (when he was not under oath), that he now denies (under oath). *See* Fed. R.Evid. 801(d)(1). Regardless of who is telling the truth, Estes's purported statements no longer provide a reasonable basis for the allegations, as he denies that he ever made them.

Third, Bay Harbour suggests that it may be able to prove the allegations through other evidence. This is sheer speculation. At oral argument, counsel first responded to my questioning as follows:

> THE COURT: My next question is, with respect to the X–1 allegation, is there a reasonable basis other than Estes? In other words, if you take Estes out of the picture, do you have another reasonable basis for the allegation, or is there another witness or are there other documents, do you have evidence to support the allegations?
>
> MS. SAFFER: No. . . .

(*See* 1/24/07 Tr. of Oral Arg. at 31). Counsel then tried to argue that there was a reasonable basis for the allegations, independent of Estes, but her answers were hardly persuasive and she was able to point to nothing concrete or specific.

In short, justice does not require that leave to amend be granted in this respect.

## CONCLUSION

Bay Harbour's motion for leave to file a second amended complaint is granted in part and denied in part, as set forth above.

SO ORDERED.