HAROLD N. WHEAT AND ALVIN C. FELLER, D/B/A HAL WHEAT INSURANCE AND REAL ESTATE KLINIC, PLAINTIFFS AND APPELLANTS, v. SAFEWAY STORES, INCORPORATED, A MARYLAND CORPORATION, J. R. SPARROWE, NORTHWEST FOOD STORES, INC., AND DON R. HAGLER, DEFENDANTS AND RESPONDENTS.

No. 10742
Submitted June 10, 1965. Decided July 23, 1965.
404 P.2d 317

106

Skedd, Harris & Massman, Helena, L. V. Harris, Helena, argued orally, for plaintiffs and appellants.

George P. Sarsfield, Butte, Risken & Scribner, Helena, George P. Sarsfield, Butte, and John H. Risken, Helena, argued orally, for defendants and respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by Harold N. Wheat and Alvin C. Feller, plaintiffs and appellants, doing business as the Hal Wheat Insurance and Real Estate Klinic, (hereinafter referred to as plaintiffs) from a judgment on the pleadings in favor of defendants and respondents Safeway Stores, Inc., and its agent J. R. Sparrowe; and defendant-respondent Northwest Food Stores, Inc., and its agent Don R. Hagler, entered in the district court of the First Judicial District, in and for the County of Lewis and Clark.

For clarity, the two sets of defendants will hereinafter be referred to "Safeway" and "Northwest." The complaint alleges that in 1959 the plaintiff earned a commission of $4,250.00

for services rendered concerning the sale of Safeway's Fuller Street property. The plaintiff agreed to accept only $2,000.00 in full payment of the commission due upon an oral promise that Safeway would in the future employ the plaintiff to handle its Helena real estate dealings. A signed release was attached to Safeway's answer concerning the remainder of the commission.

The complaint further alleges that in 1959, Safeway employed the plaintiff to locate a suitable building site for a super market. The plaintiff claims that through its efforts such a location was found on Montana Avenue in Helena, and purchased by Safeway in 1961. Plaintiff claims that this sale was accomplished through the fraudulent conspiring of Northwest, to whom the land belonged before Safeway purchased it, and Safeway to the exclusion of the plaintiff, thereby avoiding a commission of $4,125.00.

In this action the plaintiff claims as total damages, the commission from the second sale, $4,125.00 plus $2,250.00, the remainder of the 1959 commission, for a total of $6,375.00.

A motion to make more definite and certain and a motion to dismiss were both denied by the trial court. Answers were then filed separately by both Safeway and Northwest. Safeway's answer constituted a general denial with an affirmative defense based upon the signed release concerning the commission settlement relating to the Fuller Street property. Northwest's answer took the form of a general denial.

The plaintiff made no reply to either answer. Motion for judgment on the pleadings was made and granted. Both defendants based their motions upon the ground that plaintiff failed to make a reply. Safeway specifically mentioned the plaintiff's failure to reply to an affirmative defense.

The plaintiff contends on appeal that the trial court erred in granting judgment to the defendants based upon failure of the plaintiffs to reply.

At the time these pleadings were made the new Rules of

Civil Procedure in Montana had been adopted and were in effect.

Rule 7(a), M.R.Civ.P. states:

*"Pleadings allowed—Form of motions.* (a) PLEADINGS. There shall be complaint and an answer; and there shall be a reply to a counterclaim denominated as such; and an answer to a cross-claim; a third-party complaint, if a person who was not an original party is summoned under Rule 14; and there shall be a third-party answer, if a third-party complaint is served. *No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."* (Emphasis ours.)

The intent behind the Rule is clear. It is further explained in 23 Mont.L.Rev. 3, 19:

"Under the Rules pleadings are fewer and terminate earlier than under code practice. Code practice contemplates a three stage system of pleadings, consisting of a complaint, an answer, and a reply whenever new matter is alleged in the answer. The Rules allow only two stages, unless the court in its discretion otherwise orders. Under Rule 7(a) a reply is mandatory only when the answer contains a counterclaim denominated as such * * *.

"The theory is that fair notice of the plaintiff's claim and the defendant's defense is usually given by complaint and answer."

Since the application of Rule 7(a) is before this court on first impression, we quote at length from 2 Moore's Federal Practice, pp. 1531-1538. The Federal Rule is substantially the same as Montana's.

"Rule 7(a) contemplates that in the normal situation of a claim and a defense, the pleadings shall consist of only a complaint and an answer. Under special circumstances a reply may be ordered; and a reply is required to a counterclaim pleaded and denominated as such. Except in these situations, a

reply is unauthorized and may be stricken or disregarded; in no case may the pleadings go beyond the reply * * *.

"A reply is *mandatory* only to a counterclaim (which includes set-offs) *denominated* as such. The difficulty of drawing a clear-cut distinction between counterclaim and certain affirmative defenses necessitated the provision as to denomination. A rule of thumb is provided. The plaintiff is not put to the peril of correctly analyzing the matter set forth in the answer to determine whether he must reply. Thus although the new matter really constitutes a counterclaim, nevertheless, the plaintiff need not reply unless that matter was *denominated* as a counterclaim and should not unless ordered to do so by the court in the exercise of its discretion * * *.

"Rule 7(a) not only protects the plaintiff in the matter of counterclaim, as discussed above, but it also protects him from the peril of analyzing the defendant's answer to determine whether a defense is negative or affirmative in character—an analysis sometimes difficult to make."

Similar interpretation of Rule 7(a) is found in Moore's Manual, § 12.03; Bender's Federal Practice Manual, pp. 36-37; 35A C.J.S. Federal Civil Procedure § 320.

▮ From this authority, it is clear that the plaintiff had no duty to reply unless ordered to do so by the court. No such order was made in this case. The defendant's contention that a reply was mandatory to an affirmative defense of a release set forth in defendant's answer is, under the above authority and Rule 7(a), without merit.

▮ Defendant further errs when he argues that such an affirmative defense, left unanswered is deemed admitted for the purposes of the motion for judgment on the pleadings.

Rule 8(d), M.R.Civ.P., reads as follows:

"(d) *Effect of Failure to Deny.* Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. *Averments in a pleading to which no re-*

*sponsive pleading is required or permitted shall be taken as denied or avoided.*" (Emphasis ours.)

Referring to 2 Moore's Federal Practice, at p. 1875, that authority states that subdivision (d) of Rule 8 "is to complement Rule 7(a)."

"For example, all averments of the complaint, other than those as to the amount of damage, will stand admitted unless the defendant answers, and even if the defendant answers, averments not denied by him will stand admitted. *If in his answer the defendant pleads an affirmative defense, such as the statute of limitations, the affirmative defense will be taken as denied or avoided by the plaintiff, without any reply, since under Rule 7(a) no reply is permitted to an affirmative defense without the court ordering it.*" (Emphasis ours.)

And again, at page 2269 of 2 Moore's Federal Practice:

"* * * Judgment on the pleadings may be granted only if, on the facts as so admitted, the moving party is clearly entitled to judgment. Hence, *a defendant may not obtain judgment on the pleadings on the basis of the allegations in his answer where no reply is required, since under Rule 8(d) these allegations are deemed denied.*" (Emphasis ours.)

The problem of joinder of defendants Northwest and Safeway is raised in Northwest's Motion for Judgment on the Pleadings, wherein grounds for such motion are that "both buyer and alleged seller have been joined as parties in this action by a real estate broker." This statement is technically correct, since Northwest was the seller of the Montana Avenue property to buyer Safeway. But the complaint charges each defendant with conspiracy, i.e., conspiracy to effect the sale of the Montana Avenue property between themselves thereby breaching an alleged contract between the plaintiff, as a real estate broker, and the defendant Safeway as the plaintiff's client. The complaint alleges a contract and further alleges breach thereof through conspiracy. Therefore, with no evidence in the record tending to show that Northwest was also

the plaintiff's client, and that plaintiff was acting as agent for both buyer and seller in the same purchase and sale transaction, the fact that the conspiracy charge runs against the buyer and seller in this instance makes the claim no different than if the conspiracy charge ran against either defendant and some third person.

If the above reasoning is valid, that Northwest is joined as a co-conspirator, the question arises whether joinder even on those grounds is permissible. It is arguable that since Northwest alleges that it was not a party to the Fuller Street transaction, and further had no knowledge whatsoever of the employment of the plaintiff by Safeway, that it could not have conspired to defeat a commission allegedly due the plaintiff concerning the sale of the Montana Avenue property. Northwest further alleges that due to the nonspecific nature of the prayer, a judgment for the plaintiff would, in effect, make Northwest a party to a prior contract in which Northwest took no part and held no interest.

The validity of these allegations by Northwest is not to be determined here. Rather, the question to be determined is whether Northwest can, under these claims and answers, be joined in this action under Montana's Rules of Civil Procedure. The Rules involved are Rules 19 and 20.

The Rules contemplate four classes of parties: (1) formal; (2) proper; (3) necessary; and, (4) indispensable. Rule 19 is concerned with necessary and indispensable parties; Rule 20 with proper parties. The absence of an indispensable party precludes the court from proceeding with the case since the rights of such party would be adversely affected by a judgment. A necessary party is one who should be present if a final determination of the case is to be obtained, but who is not available. The case may proceed if the same will not prejudice the rights of such party. A proper party falls within the scope of Rule 20. Such a person is one who should be joined if litiga-

tion is to be kept to a minimum and the rights of all persons concerned can be determined in one action.

"* * * Whether one is an indispensable party must be determined from all the facts in the case, the nature of the relief sought, and the nature and extent of a person's interest in the controversy; and it has been said that the question is never approached without some confusion." 35A C.J.S. Federal Civil Procedure § 95, at p. 151.

It may well be that Northwest is either an indispensable or a necessary party, but under the above allegations—(1) that Northwest was not a party to the Fuller Street transaction, and (2) was uninformed as to a contract of employment between Safeway and the plaintiff, if such a contract existed—it would appear that, based on the information in the pleadings, Northwest does not come within the scope of Rule 19. It is not necessary to dwell on this point, however, since it is our belief that Rule 20 permits the joinder.

The scope and meaning of Rule 20 is also before this court on first impression. The Rule is procedural in nature and removes obstacles to joinder without affecting the substantive rights of the parties. It is intended to promote trial convenience and prevent multiplicity of suits and expedite final determination of litigation by inclusion in one suit of all parties directly interested in the controversy despite technical objections previously existing in many situations.

Under Rule 20, joinder of defendants is made dependent on the concepts of "same transaction" and "common question of law or fact." 2 Barron and Holtzoff, Federal Practice and Procedure, § 533.

The conspiracy charged in the complaint arises from one transaction—the purchase and sale of the Montana Avenue property. Questions of law and fact concerning such conspiracy are common to both defendants. "Joinder of parties defendant has been freely permitted in * * * cases involving

fraud and conspiracy * * *." 2 Barron and Holtzoff, Federal Practice and Procedure, at p. 187.

Furthermore, there is mention in plaintiff's brief to this court of agreement between the defendants to the effect that liability for payment of a commission to the plaintiff rests upon Northwest, if such a commission is determined due and owing. Under such a circumstance, it seems likely that Northwest, if not joined under Rule 20, would be, or at least could be, brought into the action under Rule 14. See 77 Harvard L. Rev. 801.

Under the theory of the Rules of Civil Procedure, it does not seem an exaggeration of their spirit to join defendant Northwest in this action. Other rules, plus broad trial court discretion, adequately protect such a defendant, and at the same time enable the settling of the conflict in a single litigation. The convenience of the parties and the court can be fully protected, though joinder is allowed, by separate trials, pursuant to Rule 42(b), and thus, it seems practically desirable to give the broadest possible reading to the permissive language of Rule 20. 2 Barron and Holtzoff, Federal Practice and Procedure, § 533, p. 186.

23 Mont.L.Rev. 1, 36, further lists the purposes and protections involved in joinder:

"* * * misjoinder of parties is not ground for dismissal. [Rule 21] Subdivision (b) of Rule 20 gives the court needed discretion in handling the trial problem by providing that it 'may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claims against him, and may order separate trial or make other orders to prevent delay or prejudice.' Rule 21, which must be read in connection with Rule 20, permits the court to drop parties on motion or of its own initiative. The claims remain separate and distinct by reason of the provision of Rule 20(a) that judgment may be given for or against one or more of the parties according to their respective rights or liabilities.

"The ultimate effect is to place the matter of joinder of parties in the discretion of the court as a matter of trial convenience whenever there is any common question of fact or law arising upon the facts of the particular case."

The Federal Courts, working with their Rules since their adoption in 1938, have had surprisingly little difficulty with a liberal and broad joinder policy under Rule 20.

The judgment appealed from is reversed and the cause remanded to the district court for further proceedings consistent herewith.

MR. JUSTICES JOHN CONWAY HARRISON, DOYLE, ADAIR and CASTLES concur.