JUSTICE TRIEWEILER
dissenting.
I dissent from the majority opinion. I would hold that the District Court abused its discretion by denying plaintiff’s motion to amend his complaint and would reverse the District Court.
In its answer, defendant alleged in its second affirmative defense that if the incident which was the subject of plaintiff’s complaint occurred as alleged:
*153 [T]he occurrence was caused by the negligence, fault, strict liability, or breach of warranty on the part of other parties or individuals, including but not limited to, plaintiff’s relatives who accompanied him, Margaret Gursky and Sheila Hartman; the manufacturer, Besam, Inc.; the general contractor on the remodeling project in which the door was installed, Tandberg Construction; the vendor, installer, and maintainer of the door, Michotte Distributors and City Glass; the architect who designed the remodeling project, Eric Hefty. Defendant asserts under MCA § 27-1-703 that the fault of all such individuals and entities may have contributed to the injury complained of and should be considered by the trier of fact in its apportionment of responsibility in this case.
Presumably, before making such an allegation, the defendant and its attorneys investigated the circumstances surrounding plaintiff’s complaint and had a factual basis for making the above allegation. Otherwise, the allegation would have violated Rule 11, M.R.Civ.P. It can also be presumed that since defendant sought to reduce the degree of its own responsibility by blaming other third parties, that it was prepared to prove at the time of trial the nature of the third parties’ conduct. Under these circumstances, it seems ironic that the same defendant objected so strenuously to naming these third parties as defendants so that they could appear at the time of trial and defend themselves.
Understanding that defendant sought to blame people for plaintiff’s injuries who would not be present to refute the allegation, plaintiff moved the District Court, on September 21,1990, to modify the scheduling order and allow additional time within which to join those other parties. In support of that motion, plaintiff’s attorney filed his affidavit showing that he was a sole practitioner and that he had undergone two surgical procedures for his heart during the year since the complaint had been filed. In spite of this obvious justification for extending the time within which to comply with the scheduling order, defendant opposed the motion on the grounds that it would be severely prejudiced if plaintiff were allowed additional time within which to amend his pleadings. Defendant alleged that any additional delay would have an adverse impact on defendant.
However, on December 18, 1990, the District Court overruled defendants’ questionable objection and correctly pointed out that:
[I]t is the clear policy of the Montana Rules of Civil Procedure that all persons materially interested should be joined so that in one suit the court may hear and make a complete disposition of all *154 disputes arising from the same transaction. Rule 19(a), Advisory Committee Notes, Annotations, MCA, p. 457 (1990), Wheat v. Safeway Stores, Inc., 146 Mont. 105, 112, 404 P.2d 317, [321] (1965), Julian v. Mattson, 219 Mont. 145, 710 P.2d 707 (1985).
Furthermore, in the present case, defendant’s Second Affirmative Defense asserts that other persons have caused and are liable for plaintiff’s injuries, and defendant asks that any judgment against him be reduced accordingly.
For these reasons, the District Court granted plaintiff’s motion and extended the dates set by the court’s previous scheduling order. On the same date, the District Court entered a new scheduling order which provided that all additional parties must be joined by January 20, 1991.
While it is true that technical compliance with Rule 15(a), M.R.Civ.P., required that consent of the District Court be obtained before plaintiff filed his amended complaint, it is equally true that the spirit of that rule was complied with in every significant respect. Defendant was aware of the parties that plaintiff sought to join. The District Court understood why the parties were necessary to a resolution of all the issues raised in this action, and the District Court explained in its order why additional time should be granted within which to amend plaintiff’s complaint so that the additional parties could be joined. The trial court then set a deadline within which amended pleadings were to be filed. On January 9, 1991, eleven days before the expiration of the court’s deadline, plaintiff’s attorney filed an amended complaint in which he named as additional defendants only those parties to whom defendant sought to pass blame for plaintiff’s injuries. The pleadings in this case show that the amended complaint was served on defendant’s attorney on that same date.
At that point, the purpose and spirit of the rules of civil procedure had been fully complied with. However, what should have been a simple issue did not end there. On January 21, 1991, one day after the court-imposed deadline for amending the pleadings, defendant’s attorney filed a document entitled Brief in Opposition to Motion to Defer Response to Motion for Summary Judgment in which he, for the first time, suggested that plaintiff’s amended complaint had been filed without consent of court, and therefore, in violation of Rule 15(a).
On March 14,1991, plaintiff filed a formal motion to add additional defendants and supported it with an affidavit and brief. The District Court and the majority opinion make much of the fact that no brief *155 was filed in response to defendant’s motion to strike the amended complaint. However, the issue raised in plaintiff’s motion to amend was the same issue resolved by defendant’s motion to strike and one brief should have been sufficient for both purposes.
In support of his motion, plaintiff correctly pointed out to the District Court that we have previously held in Wheat v. Safeway Stores, Inc. (1965), 146 Mont. 105, 112, 404 P.2d 317, 321, that the purpose of our rules of joinder found in Rules 19 and 20, M.R.Civ.P., is to promote trial convenience and prevent multiplicity of lawsuits. Furthermore, the rales are intended to expedite final resolution of litigation by including in one suit all parties directly interested in the same controversy.
Even though defendant was fully aware of plaintiff’s intention and the nature of his amended complaint prior to the deadline for filing the complaint, and could have in no way been prejudiced by the lack of formal District Court consent until a later date, defendant again opposed plaintiff’s motion on the grounds that to allow amendment would result in additional delay of the trial. For reasons which will be discussed later, defendant’s opposition to plaintiff’s motion was specious at best.
Plaintiff’s motion was set for oral argument on May 28, 1991. At the conclusion of oral argument, plaintiff’s motion was verbally denied in open court. However, instead of basing its denial on the merits of plaintiff’s motion, as opposed to any potential harm to defendant, the District Court gave the following explanation for its decision:
Well, the purpose in establishing these scheduling orders, which I established a number of years ago, is to try and properly manage these cases .... And I have noticed increasingly in the past six months that people are stipulating to revised scheduling orders, and so forth. And, once again, it seems that the attorneys are controlling the court’s calendar. So the motion for leave to add the parties and amend the complaint is denied.
On June 5, 1991, the District Court entered its written order denying plaintiff’s motion to amend his complaint so that he could name additional parties as defendants. On June 10, 1991, five days later, the attorney for defendant who had been so concerned about prejudice to his client from delay, signed and filed a stipulation regarding the trial date which included the following statement: “In this matter, the attorney representing the defendant had a busy and continuous trial schedule for the next several months.” On that basis, *156 the trial date set for June 1991 was vacated without further date. This case finally went to trial on January 2, 1992, over a year after plaintiff moved to amend his complaint.
For the following reasons, I conclude that the District Court abused its discretion when it denied plaintiff’s motion to amend his complaint:
1. Rule 15(a), M.R.Civ.P, which requires District Court approval before an amendment to the complaint can be filed after defendant has answered the original complaint, also requires that approval “shall be freely given when justice so requires.”
2. Rules 19 and 20, M.R.Civ.P, favor joinder of all parties involved in the same dispute in one action in order to avoid multiplicity of claims and unnecessary litigation.
3. Prejudice to defendant would not have resulted from granting plaintiff’s motion to amend. Defendant was aware of the additional defendants from the time it filed its answer on January 15, 1990. In fact, defendant was sufficiently familiar with their role in this incident that it filed an answer blaming them for plaintiff’s injuries in order to reduce its own liability for plaintiff’s damages.
4. On December 18, 1990, the District Court agreed that because of the health problems experienced by plaintiff’s attorney, it would be reasonable to extend the deadline for adding additional parties until January 20, 1991. In all practical respects, plaintiff complied with that deadline when he filed an amended complaint and served it on defendant on January 9, 1991. The only defect in the amended complaint was a technical one which he sought to cure with his motion to amend on March 14,1991.
5. The District Court gave no basis for denying plaintiff’s motion on its merits. It gave some unrelated and irrelevant reason regarding stipulations to revise scheduling orders which were encroaching on the court’s effort to control its own trial calendar. This case did not involve a stipulation, and for all practical purposes, the court’s scheduling order had been fully complied with.
It is obvious that defendant’s concern was not with potential delay to his client or the prejudice that would result therefrom. Neither was defendant concerned about surprise from an unexpected amendment for which it could not prepare. Defendant went to great lengths to prevent plaintiff from joining additional defendants because it would be easier for defendant to blame others if they were not there to defend themselves. The District Court’s arbitrary denial of plaintiff’s motion to amend his complaint reinforced use of procedural techni *157 cality as a litigation strategy and diminished the likelihood that this case would be resolved on its merits.
For these reasons, I would reverse the order of the District Court and remand this case to the District Court for trial of plaintiff’s claim against all the defendants that he sought to join, including Parkside Professional Village.